UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

Dailey Law Firm PC            Case No. 23-45970
                                         Chapter 11
           Debtor.                 Hon. Maria L. Oxholm
_____/

**COVER SHEET FOR FIRST DAY MOTION TO USE CASH
COLLATERAL OR TO OBTAIN CREDIT**

The debtor has filed a motion to use cash collateral or to obtain postpetition financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | ___ Yes<br><br>_X_ No | Page ___, ¶ ___ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | ___ Yes<br><br>_X_ No | Page ___, ¶ ___ |

| | | |
|---|---|---|
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | __X__ Yes<br><br>_____ No | Page __2__, ¶ __2__ |
| (8) Provisions for the payment of prepetition debt. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br><br>__X__ No | Page _____, ¶ _____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br><br>__X__ No | Page _____, ¶ _____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes<br><br>__X__ No | Page _____, ¶ _____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br><br>__X__ No | Page _____, ¶ _____ |
| (16) Provisions that purport to bind a subsequent trustee. | _____ Yes<br><br>__X__ No | Page _____, ¶ _____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br><br>__X__ No | Page _____, ¶ _____ |

GOLDSTEIN, BERSHAD,& FRIED, P.C.

By: /s/ Scott M. Kwiatkowski
    Scott M. Kwiatkowski (P67871)
    Attorneys for Debtor
    4000 Town Center, Suite 1200
    Southfield, Michigan 48075
    (248) 355-5300
    scott@bk-lawyer.net

Dated: July 10, 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

Dailey Law Firm PC

Debtor.

_____/

Case No. 23-45970
Chapter 11
Hon. Maria L. Oxholm

## DEBTOR'S FIRST DAY MOTION FOR INTERIM AUTHORITY TO USE CASH COLLATERAL AND FOR RELATED RELIEF

Dailey Law Firm PC ("Debtor"), pursuant to 11 U.S.C. § 363(c)(2), Fed. R. Bankr. P. 4001(b), and Bankruptcy Rule 4001-2, hereby requests that this Court enter an order in the form attached hereto as <u>Exhibit 1</u> (the "Interim Order"); (I) authorizing the Debtor to use cash collateral on an interim basis; (ii) scheduling a final hearing on the Debtor's use of cash collateral on a permanent basis ("Final Hearing"); and (iii) providing adequate protection to the secured creditors listed in paragraph 1 below on account of their respective prepetition liens and security interests, all of the foregoing in accordance with the proposed interim order (the "Interim Order") and the budget projections attached to the Interim Order as <u>Exhibit 2</u> to this Motion (the "Budget" and the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

Pursuant to Bankruptcy Code 4001:

1. The following disclosures are made pursuant to Bankruptcy Rule 4001(b)(1)(B):

    (a) **Name of the Entity with a Purported Interest in Cash Collateral:**

Debtor is indebted to the following secured creditors and are secured by the following. However, the Debtor makes no admission and takes no position at this time regarding the validity, enforceability, priority, or perfection of any of the obligations, security interests, and liens that may be asserted:

   A. Internal Revenue Service("IRS")-Secured lien on all assets of the Debtor. IRS has filed Multiple Notices of Federal Tax Liens with the Michigan Department of State. The approximately amount of the debt is $60,064.72.

B. Michigan Department of Treasury ("SOM")- Secured lien on all assets of the Debtor for unpaid withholding taxes in amount of $5,067.58

C. On Deck Capital Inc. ("On Deck")- Secured lien on all assets of Debtor in the amount of $189,269.06.

> (b) **The Purpose for the Use of Cash Collateral**: To fund debt service and related payments to the IRS, SOM, and On Deck, and to pay ordinary and necessary costs and expenses of operating the Debtor's business and preserving the value of IRS, SOM, and On Deck's collateral and operating the Debtor's collateral in the amounts set forth in the Budget. Use of cash collateral is also needed to pay costs of the Debtor's professionals as may be approved by this Court.
>
> ( c) **The Material Terms and Duration of Use of Cash Collateral**: The Debtor is requesting the use of cash collateral, limited to the amounts, and for the purposes, set forth on the Budget, on an interim basis and pending a final hearing on the Motion (the "Interim Period"), pursuant to the terms of the Interim Order.
>
> (d) **Liens, Cash Payments or Other Adequate Protection**: Replacement liens are provided under the Interim Order as to the IRS, SOM, and On Deck.

2. Pursuant to Bankruptcy Rule 4001, and to the extent not otherwise described herein, the Debtor intends to use cash collateral to fund ordinary and necessary costs of operations, limited to the amounts set forth on the Budget, as the same may be supplemented after the Interim Period. Use of cash collateral is also needed to pay costs of the Debtor's professionals as may be approved by this Court. The use of cash collateral shall be subject to a carve-out (the "Carve-Out") for the payment of (1) Unpaid professional fees, expenses, and disbursements in amounts not to exceed the line items allocated to each professional under the Budget (in the aggregate, the "Professional Expense Cap").

### Jurisdiction and Venue

3. This Court has core jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

4. No request has been made for the appointment of a trustee or examiner.

## Background

5. On July 7, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Debtors are authorized to operate their businesses as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. The Debtor was founded in 1927 and in 1992 relocated to Metro Detroit. The Debtor currently practices litigation in personal injury, medical malpractice, social security, class action, mass tort, and criminal defense. The Debtor currently has offices in Detroit, Chicago, and Indianapolis. Currently, the attorneys and staff employed by the Debtor are efficient and skilled practitioners with at least 7 years experience in their specialized area of the law. Furthermore, the Debtor has a consistent and inexpensive marketing plan that has proven effective and lucrative for producing criminal defense cases, social security disability cases, and cases involving injuries abroad at resorts.

7. The Debtor began experiencing financial difficulty during a period of family issues and a cancer diagnosis. The effects of these issues were compounded during the COVID-19 pandemic where the Debtor suffered from liquidity issues.

8. Exacerbating these issues was, that upon information and belief, one of the Debtor's employees wrongfully diverted approximately $600,000.00 in settlement proceeds. Upon information and belief, the employee attempted to delete approximately a terabyte of digital information from the Debtor's server; however, most if not all of the information has been recovered. The action is currently pending in the Wayne County Circuit Court. The employee has denied any and all allegations and filed a counter complaint.

9. The Debtor is subject to an order to pay $600,000.00 into the Wayne County Circuit Court as it relates to the a settlement from approximately 5 years ago. The Debtor has contacted an appellate attorney to seek relief from that order. Furthermore,

the order represents the full value of the settlement prior to deduction for attorney fees that were paid (with the consent of the client). As a result of the inability to pay the $600,000.00, a receiver was appointed over the Debtor and the receiver filed his acceptance on June 28, 2023.

10. During the first three months of this case, the Debtor projects that it will need to spend $525,800.00 to avoid immediate and irreparable harm.

11. The Debtor requests authority to spend these amounts in accordance with the Budget attached to this Motion, with a 10% variance for each line item or in total.

12. On the Petition Date, the Debtor, without admission, believes that the cash collateral, as defined in 11 U.S.C. 363 ("Cash Collateral") consists of the following:

   a. Accounts Receivable totaling: $636,500.00 which are settlements reached but unpaid. The Debtor has approximately 36 cases of unknown value which are currently in litigation or pre-suit.

   b. Available funds held in bank accounts: $ 72,631.88

   c. Cash on hand: $0

13. For the reasons stated, as well as other reasons, to maintain and sustain its business operations and preserve the going concern value of its assets and enterprise value of its businesses, the Debtor determined it would be in its best interests and the best interests of its creditors and estate to initiate this Chapter 11 case.

14. The proposed cash collateral agreement is intended to permit the Debtor to utilize cash, accounts receivable and deposit accounts subject to the liens and security interests of IRS, SOM, and On Deck.

15. Subject to the terms of the Interim Order and the Budget, the Debtor seeks authority to use IRS, SOM, and On Deck cash collateral. The Debtor intends to use the cash collateral to pay debt service obligations to operate the Debtor's business in the

ordinary course. Further, Debtor requests the Carve-Out from cash collateral to pay costs of the Debtor's professionals.

## Relief Requested

16. By this Motion, the Debtor seeks authority, pursuant to 11 U.S.C. § 363(c)(2), Fed. R. Bankr P. 4001(b), and Bankruptcy Rule 4001-2, to use IRS, SOM, and On Deck cash collateral, substantially in the manner and amounts reflected on the Budget. The Debtor also seeks the scheduling of a Final Hearing on Debtor's use of cash collateral.

## Basis for Relief

17. Section 363(a) of the Bankruptcy Code provides the definition of cash collateral.

11 U.S.C. § 363(a). Cash collateral is defined by § 363 to mean:
> . . . cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

18. A debtor is authorized to use cash collateral if the party with an interest in the cash collateral consents to its use or the Court authorizes its use after notice and hearing. 11 U.S.C. § 363(c)(2). A court can authorize use of cash collateral over the objection of the affected creditor where the debtor demonstrates that it can adequately protect the interests of the party holding an interest in the cash collateral. 11 U.S.C. § 363(e).

19. As reflected in the Budget, during the Interim Period, the Debtors intend to use the cash collateral to fund essential expenses relating to operation and maintenance of the Debtor's business and to pay costs of the Debtor's professionals as may be approved by this Court. Pursuant to 11 U.S.C. § 363(c)(2), the Debtor accordingly requests authority of use cash collateral in accordance with provision of the Interim Order and the Budget to pay ongoing expenses incurred in the ordinary course of

business associated with the Debtor's business and payment of prepetition secured debt and to pay costs of the Debtor's professionals as may be approved by this Court.

20. Provided that the Debtor (i) complies with the provisions of the Interim Order and the Budget, and (ii) provide the adequate protection contemplated therein (and as discussed in greater detail below), this Court should authorize the Debtor's use of cash collateral for expenditures in accordance with the Budget. The proposed use of cash collateral will adequately protect the security interests asserted by IRS, SOM, and On Deck and provide for the operation of the Debtor's business pending the Final Hearing. *See In re Addison Properties Ltd. P'ship,* 185 B.R. 766, 783 (Bankr N.D. Ill. 1995) (collecting cases regarding use of cash collateral and determination of adequate protection).

21. The Debtor believes that (I) the terms and provisions of the Interim Order are fair and reasonable under the circumstances and reflect the most favorable terms upon which the Debtor could obtain the necessary use of cash collateral, and (ii) IRS, SOM, and On Deck are entitled to the protection afforded under §§ 361 and 363(e) of the Bankruptcy Code as more specifically described in the Interim Order.

22. Without the ability to use cash collateral to pay for expenses associated with the operation of Debtor's business pending a Final Hearing, the value of the IRS, SOM, and On Deck collateral and of Debtor's business are in jeopardy of serious decline. The inability of the Debtor to utilize the cash, deposit accounts and receivables will not allow it to adequately run its day-to-day business operations. Therefore, the Debtor request interim authority to use cash collateral according to the Budget. Such interim use is necessary to avoid immediate and irreparable harm to the Debtor's business and the security interests of the IRS, SOM, and On Deck.

## **Adequate Protection**

23. Pursuant to 11 U.S.C. §§ 361 and 363(e), the Debtor requests authority to grant certain adequate protection to IRS, SOM, and On Deck on account of its prepetition liens and security interests by granting IRS, SOM, and On Deck replacement liens.

24. As set forth in the Interim Order, and the provisions of section 552 (11 U.S.C. § 552) of the Bankruptcy Code notwithstanding, the Debtor proposes to grant to IRS, SOM, and On Deck replacement liens and security interests on all further accounts receivable, cash and deposit accounts in the same priority, validity and extent that the Debtor's interest in the cash collateral existed as of the Petition Date.

25. The replacement liens shall be liens on the Debtor's assets which are created, acquired, or arise after the Petition Date, but limited to only those types and descriptions of collateral in which IRS, SOM, and On Deck held a prepetition lien or security interest. The replacement liens shall have the same priority and validity as IRS, SOM, and On Deck respective pre-petition security interests and liens.

26. The Debtor's proposed use of cash collateral in accordance with the Budget, is, in the Debtor's judgment, sufficient for the Debtors to satisfy its cash needs in order to maintain and preserve the business.

27. Notice of this Motion has been given to: (a) the United States Trustee for the Eastern District of Michigan; (b) IRS, SOM, and On Deck; and (c) top twenty unsecured creditors. The Debtor submits that in light of the nature of the relief requested, no further notice is required.

WHEREFORE, pursuant to 11 U.S.C. §§ 361, 362, 363(c)(2), 363(e), Fed. R. Bankr. P. 4001(b), 4001(c) and 4001(d), and Bankruptcy Rule 4001, the Debtor requests that this Court: (a) grant this Motion upon the terms set forth in the Interim Order; (b) schedule a Final Hearing; and (c) grant such other and further relief as is just and equitable.

GOLDSTEIN, BERSHAD,& FRIED, P.C.

By: /s/ Scott M. Kwiatkowski
    Scott M. Kwiatkowski (P67871)
    Attorney for Debtor
    4000 Town Center, Suite 1200
    Southfield, Michigan 48075
    (248) 355-5300
    scott@bk-lawyer.net

Dated: July 10, 2023

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

Dailey Law Firm PC            Case No. 23-45970
                                       Chapter 11
           Debtor.                  Hon. Maria L Oxholm
_____/

## **FIRST DAY INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

Upon consideration of Debtor's First Day Motion for Interim Authority to Use Cash Collateral and for Related Relief (the "Motion") filed by Dailey Law Firm PC ("Debtor") requesting this Court's authorization to use the cash collateral of the Internal Revenue Service ("IRS") and Michigan Department of Treasury ("SOM"), and On Deck Capital Inc. ("On Deck") pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 due and proper notice of the Motion has been given to all parties entitled thereto; the Court has considered all relevant matters related thereto and is otherwise fully advised in the premises; a preliminary hearing was held on the Motion pursuant to the provisions of Fed. R. Bankr. P. 4001(c)(2); the Court finds that the Motion should be granted and specifically finds as follows:

    A. This Court has jurisdiction of this Case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

    B. Notice of the Motion and the relief requested therein was served by the Debtor on IRS, SOM, and On Deck, the twenty largest unsecured creditors, and the Office of the United States Trustee ("U.S. Trustee")

    C. The Debtor has demonstrated that it has an immediate need to use Cash Collateral, amount other things, to permit the continued operations of the Debtor.

D. Good cause has been shown for entry of this Order. This Order has been negotiated in good faith and at arm's length and the Court finds that the IRS, SOM, and On Deck have acted in good faith in connection with this Order.

E. The amount of cash the Debtor propose to use before entry of a final order granting the Motion is set forth in the Budge attached to the Motion. Specifically, during the first three calendar months of this case, the Debtor projects that it will need to spend $525,800.00.

F. The value of the Debtor's estate will be maximized by the continuation of Debtor as an on-going business and the use of Cash Collateral is essential to such operation.

G. Prior to the Petition Date, the Debtor and the IRS, SOM, and On Deck were parties to various agreements.

H. As a consequence of the foregoing, the IRS, SOM, and On Deck claim they possess valid and perfected security agreements in substantially all of the Debtor's property, whether tangible or intangible, and wherever located, and whether now or hereafter acquired and all cash, cash equivalents, proceed, products, and profits in existence before, on, or after the Petition Date.

**NOW THEREFORE, IT IS ORDERED THAT:**

1. The Motion is hereby granted on an interim basis subject to the terms and conditions set forth in this order.

2. The Debtor is authorized to use the cash collateral of each of the IRS, SOM, and On Deck on an interim basis and pending a final hearing on the Motion ("Final Hearing") in a manner consistent with the budget attached to the Motion ("Budget") to pay actual, ordinary, and necessary expenses of maintaining its business operations and to pay costs of the Debtor's attorneys and accountants pursuant to the Budget ("Carve Out"). The Debtor is authorized to pay its attorneys and accountants subject to the Carve Out.

The funds subject to the Carve Out will remain assets of the bankruptcy estate until said professional fees are approved by the Bankruptcy Court.

3. Retroactive to the Petition Date and without the necessity of any additional documentation or filings, as adequate protection for and to protect the IRS, SOM, and On Deck against any diminution in value of the pre-petition collateral, the Debtor grants to IRS, SOM, and On Deck a fully perfected replacement lien having the same validity as, on the same types of collateral(whether arising prior to, on or after the Petition Date) as and of the same relative lien priority as held by the IRS, SOM, and On Deck respective pre-petition liens and security interests held with respect to the collateral ("Adequate Protections Liens"). The Adequate Protections Liens granted by this Interim Order are in addition to all security interests, liens, rights of IRS, SOM, and On Deck existing as of the Petition Date. The relative priorities and rights of payment between and among IRS, SOM, and On Deck as of the Petition Date shall remain the same as they were prior to the Petition Date and shall remain in full force and effect pursuant to this Order.

4. All liens and security interests in the Adequate Protections Liens granted to the IRS, SOM, and On Deck by this Order are deemed duly perfected and recorded under all applicable laws as of the date hereof, and no notice, filing, mortgage recordation, possession, further order or act shall be required to effect or continue such perfection although IRS, SOM, and On Deck may, in their sole discretion make any filing or recordation or other acts which each deems appropriate with respect to such perfection

5. The entry of this Order is without prejudice to the Debtor's right to seek authority from the Court to use additional cash collateral or borrow funds pursuant to 11 U.S.C.364 if the Debtor determines that the cash collateral authorized by this Order is insufficient.

6. The Debtor is authorized to use the IRS, SOM, and On Deck cash collateral on an interim basis and pending a final hearing on the Motion ("Final Hearing") in a manner that is substantially consistent with the budget to pay actual, ordinary, and necessary expenses of maintaining its business operations and to pay costs of the Debtor's professionals. The Debtor's use of cash collateral will conform to the amounts set forth in the budget with a ten percent (10%) variance.

7. Objections to this Order must be filed within fourteen (14) days from the date of entry of the Order

8. The Motion is hereby set for a Final Hearing before this Court at _____ am/pm on _____, 2023 (such date or such later date to which the final hearing is adjourned or continued, the "Final Hearing Date"), at which time any party in interest may present any timely filed objections to the entry of a final order ("Final Order") in the form of, and containing relief substantially similar to, this Order. The Debtor will promptly serve a notice of the Final Hearing, together with a copy of this Order, by regular mail upon (i) the Office of the United States Trustee,)(ii)20 largest unsecured creditors, (iii) all secured creditors, (iv) the United States Trustee's Office.(v) any other party which has filed a request with this Court for notice in the Debtors' case and served such request upon the Debtor's counsel. The notice of the Final Hearing will state that objections to the entry of a Final Order on the Motion will be in writing and will be filed with the United States Bankruptcy Court Clerk for the Eastern District of Michigan no later than _____, 2023 which objections will be served so that the same are received on or before _____ pm (Eastern Standard Time) of such date by: (i) Scott M. Kwiatkowski, Goldstein, Bershad & Fried, P.C. counsel to the Debtor, 4000 Town Center, Suite 1200, Southfield, Michigan 48075; (ii) the Office of the United States Trustee; (iii)b)IRS, SOM, and On Deck; (iv) Office of the United States Attorney for the Eastern District of Michigan, US

Department of Justice. Any objections by creditors or other parties in interest to any of the provisions of this Order will be deemed waived unless filed and served in accordance with this paragraph.

9. If no timely objections are filed, this Order will become a final order without any further action by the Court.

10. The Debtor, IRS, SOM, and On Deck may make modifications or amendments to the Budget or this Order, to take effect only upon written notice approved by all parties, and all actions taken pursuant to such modified Budget will be and hereby are expressly authorized hereunder.

11. The Debtor's authority to use the IRS, SOM, and On Deck cash collateral under this Order will be effective immediately and will continue until otherwise ordered by the Court.

# EXHIBIT 2

| 2023 | July | August | September |
|---|---|---|---|
| **Projected Revenue** | | | |
|   Legal Services | | | |
|     Criminal | 75000 | 73500 | 76800 |
|     Injury | 100000 | 102000 | 98500 |
|   Total Income | 175000 | 175500 | 175300 |
| **Projected Expenses** | | | |
|   Advertising/Marketing | 36000 | 36000 | 36000 |
|   Auto Expense | | | |
|     Gas | 150 | 150 | 150 |
|     Repair & Maintenance | 800 | 800 | 800 |
|     Insurance | 1200 | 1200 | 1200 |
|   Bank Fees | 800 | 800 | 800 |
|   Bank Card fees - Merchant | 1500 | 1500 | 1500 |
|   Contractor | | | |
|     Accounting | 2500 | 1200 | 2000 |
|     Consulting | 3570 | 3570 | 3570 |
|   Dues & Subscriptions | 1200 | 1200 | 1200 |
|   Equipment Lease | 365 | 365 | 365 |
|   Insurance | | | |
|     Health Ins - EE | 5000 | 5000 | 5000 |
|     Health Ins - Officer | 1500 | 1500 | 1500 |
|     Workmans Comp | 433 | 433 | 433 |
|     Malpractice | 4700 | 4700 | 4700 |
|     Business Liability | 4800 | 4800 | 4800 |
|   Interest Expense | 5000 | 5000 | 5000 |
|   Office | | | |
|     Cable | 450 | 450 | 450 |
|     Expense | 1250 | 1250 | 1250 |
|     Supplies | 250 | 250 | 250 |
|     Internet | 300 | 300 | 300 |
|     Software Subscriptions | 250 | 250 | 250 |
|   Meals | 150 | 150 | 150 |
|   Networking | 1500 | 1500 | 1500 |
|   Parking & Tolls | 50 | 50 | 50 |
|   Payroll Taxes | | | |
|     FICA/MED | 5500 | 5500 | 5500 |
|     FUTA | 65 | 65 | 65 |
|     SUI - Michigan | 800 | 500 | 500 |
|     SUI - Illinois | 0 | 0 | 0 |
|   Professional Fees | | | |
|     Attorney | | | |
|       Scott Kwiatkowski | 7500 | 7500 | 7500 |
|       David Findling | 3000 | 3000 | 3000 |
|     CPA | 0 | 2500 | 2500 |
|   Recruiting | 1500 | 1500 | 1500 |
|   Rent | | | |

|  |  |  |  |
|---|---:|---:|---:|
| Grosse PointeFarms, MI | 3976 | 3976 | 3976 |
| Illinois | 1750 | 1750 | 1750 |
| Storage - Files | 450 | 450 | 450 |
| Sub Chapter V Trustee Fee | 2000 | 2000 | 2000 |
| Telephone | 400 | 400 | 400 |
| Travel | 350 | 350 | 350 |
| Wages | 73580 | 73580 | 73580 |
| Website | 55 | 55 | 55 |
|  | 174644 | 175544 | 176344 |
| Budget Variance | 15000 | 15000 | 15000 |
|  | -14644 | -15044 | -16044 |