UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 23-45970-mlo

**Dailey Law Firm PC**,  Chapter 11 – Subchapter V

    Debtor.  Hon. Maria L. Oxholm

_____/

**UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. §1112
FOR AN ORDER CONVERTING CASE TO CHAPTER 7,
OR DISMISSING CASE**

Andrew R. Vara, United States Trustee for Regions 3 and 9 states:

**<u>Preliminary Statement</u>**

This is the United States Trustee's Motion seeking dismissal or conversion of this case to chapter 7 under 11 U.S.C. § 1112(b). The Debtor and its sole owner and President, Brian Dailey have engaged in conduct that is inconsistent with the Debtor's administrative duties and obligations as a fiduciary of the estate. As a law firm, the Debtor's burden as a fiduciary is twofold: (1) to manage the Debtor's business affairs in a manner consistent with its corporate responsibilities, and (2) to comply with its obligations to its clients in a manner consistent with ethical requirements. The Debtor's conduct establishes cause to convert or dismiss this case:

A. The Debtor's estate has been grossly mismanaged. The Debtor has failed to timely pay taxes withheld from employee wages – funds held in trust for the IRS, in violation of Federal tax laws. The Debtor, through its sole owner, has failed to recognize corporate formalities, allowing the payment of personal expenses from corporate funds. The Debtor's pre-petition conduct as a law firm with fiduciary duties to its clients, in failing to comply with court orders, is indicative of its lack of fiduciary responsibility required by a debtor in possession. {11 U.S.C. §1112(b)(4)(B)}

B. The Debtor has failed to comply with two bankruptcy court orders – the Stipulated Order (Docket No. 96) and the cash collateral order (Docket No. 29). {11 U.S.C. §1112(b)(4)(E)}

C. The Debtor has not timely paid post-petition taxes or filed post-petition tax returns. {11 U.S.C. §1112(b)(4)(I)}

D. The Debtor has not complied with reasonable requests for information and has not complied with the Operating Instructions and Reporting Requirements of the United States Trustee. {11 U.S.C. §1112(b)(4)(H)}

**Factual Background**

1. The Debtor filed a petition for relief under Chapter 11, Subchapter V on July 7, 2023 (the "Petition").

2. The Debtor is a law firm with its practice focused on personal injury litigation and criminal defense. Brian Dailey is the president and sole owner.

3. Kimberly Ross Clayson is the Subchapter V Trustee.

4. On June 26, 2023, less than two weeks prior to the Petition, the Wayne County Circuit Court entered an *Order Appointing Court Appointed Receiver* over the assets of Brian Dailey individually and the Dailey Law Firm, PC (the "Receivership Order").

5. Attorney, John W. Polderman is the Court Appointed Receiver (the "Receiver").

6. The Receiver's appointment arose out of an action involving a $600,000 settlement of a personal injury lawsuit in which the Debtor represented the Plaintiff.

7. As a result of a dispute concerning the accounting of the settlement proceeds, the Wayne County Circuit Court ordered the Debtor and Brian Dailey to interplead the sum of $600,000 into an escrow account. The funds were never tendered.

8. The Petition was filed, at least in part, to stay action by the Receiver.

9. The original Schedules, Statement of Financial Affairs and related documents were filed July 21, 2023 [Docket No. 43]. Schedule A/B has been

amended twice [Dockets No. 51 and 85]. Schedule E/F and the SOFA were also amended [Docket No. 101].

10. The Section 341 Meeting of Creditors was held over the course of two days – August 3, 2023 (the "Original 341 Meeting") and August 10, 2023 (the "Continued 341 Meeting").

11. On August 18, 2023 the Court entered the *Stipulated Order Expanding the Subchapter V Trustee's Duties Under 11 U.S.C. §1183(b)(2), and for Other Relief Relating to the Duties of the Debtor In Possession* (the "Stipulated Order") [Docket No. 96].

**Legal Authority**

12. 11 U.S.C. §1112 (b)(1) provides that the court shall convert a case under chapter 11 to one under chapter 7, or dismiss a case for cause, unless the court determines that the appointment of a trustee under section 1104(a) is in the best interest of creditors and the estate.

13. Section 1112(b) includes a non-exhaustive list of factors that may constitute cause for conversion or dismissal, including gross mismanagement of the estate, failure to comply with a court order, failure to timely provide information reasonably requested by the United States Trustee, and failure to timely pay taxes owed or file tax returns due after the date of the order for relief [See 11 U.S.C. §1112(b)(4)(B), (E), (H) and (I)].

14. Courts have discretion in determining what constitutes cause under Section 1112(b) and are not limited to the factors set forth in the statute. *In re YBA Nineteen, LLC* 505 B.R. 289 (S.D. Cal. 2014). A "bankruptcy court has broad discretion to dismiss a Chapter 11 case under 11 U.S.C. § 1112(b)." *AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.)*, 213 F.3d 917, 920 (6th Cir.2000).

15. A debtor's misconduct, whether pre-petition or post-petition, may constitute cause for conversion or dismissal of a chapter 11 case.

16. Courts have found that pre-petition conduct of debtors may be cause under 11 U.S.C. §1112(b) to convert a chapter 11 case. *See In re Tarquinio*, No. 17-CV-01917 (PGS), 2017 WL 5707538 (D.N.J. Nov. 27, 2017) (Debtor's prior misconduct in underlying state court litigation, which conduct was inconsistent with the interests of creditors, was properly considered cause for conversion.) Also see, *In re Picacho Hills Util. Co., Inc.*, 518 B.R. 75 (Bankr. D.N.M. 2014) (The Court was not convinced the Debtor could pursue avoidance actions in an unbiased manner, and under the circumstances, a chapter 7 trustee should be appointed to investigate the suspect transfers.).

17. Courts have also found that the post-petition conduct of a debtor, including gross mismanagement, is grounds for conversion under 11 U.S.C. §1112(b)(4)(B). *See In re Domiano* 442 B.R. 97 (Bankr. MD Pa 2010) (The

bankruptcy court found that the Debtor's post-petition conduct, including the filing of incomplete and cursory monthly operating reports, raised serious concerns about whether the debtors had met their fiduciary responsibilities, established cause for conversion.)

### The Debtor's Pre-Petition Conduct

18. The Debtor, managed by its sole owner, has engaged in pre-petition conduct that is cause for dismissal or conversion of this case to chapter 7.

19. *__First__*, the Debtor, for several years, has not paid federal or state taxes withheld from its employees.

20. The Debtor has eleven W-2 employees. It does not use a private payroll service, but rather relies on its internal bookkeeping to satisfy obligations to the taxing authorities.

21. Despite having withheld the required taxes from its employees, the Debtor willingly refused to pay those funds to the taxing authorities.

22. The Internal Revenue Service has filed a proof of claim asserting nearly $1 million in unpaid taxes (primarily FICA) and penalties dating back to the last quarter of 2011 and continuing through this year. [See IRS Claim 5-1].

23. *__Second__*, the Debtor, at the behest of its sole owner, has ignored corporate formalities and used the Debtor's revenues for his personal finances.

24. Brian Dailey is a W-2 employee of the Debtor. As such, he receives a salary bi-weekly when payroll is issued.

25. Mr. Dailey, however, has historically not cashed his payroll checks. Instead, he used the corporate bank accounts and credit cards to finance his personal affairs.

26. During the three months prior to the Petition, Mr. Dailey made nearly $65,000 in wire transfers to his personal bank account from the corporate accounts at Huntington Bank.

27. Mr. Dailey regularly used the corporate account at U.S. Bank for personal purchases, including groceries, dining out and retail, including a $1,200 purchase for home appliances in April. The Debtor's U.S. Bank account was also linked with a credit card used by Mr. Dailey for personal purchases.

28. Mr. Dailey regularly used the corporate bank accounts for personal services. For example, he paid a contractor $3,800 for work on his personal residence, paid several hundred dollars for chauffer services, paid the cellular bill for his family (including personal phones for his spouse and children) and paid $12,000 to his personal lawyer.

29. **_Third_**, the Debtor failed to comply with orders of the Wayne County Circuit Court.

30. According to the Receivership Order, the Debtor has not complied with two Wayne County Circuit Court orders, entered February 27, 2023, and May 12, 2023, which required Mr. Dailey and the Dailey Law Firm, PC to interplead the sum of $600,000 into an escrow account.

31. **_Fourth_**, Mr. Dailey, the Debtor's sole owner and fiduciary, is a defendant in a formal complaint by the Attorney Grievance Commission filed October 7, 2022.

32. The Grievance Complaint includes allegations that Mr. Dailey has, for the better part of a decade, violated several of the Michigan Rules of Professional Conduct.

33. In its 12-count complaint the Grievance Commission asserts grounds for discipline for violations of the MRPC relating to client funds and conduct involving dishonesty, fraud, deceit or misrepresentation.

**The Debtor's post-petition conduct**

34. The Debtor, managed by its sole owner, has engaged in post-petition conduct that is cause for dismissal or conversion of this case to chapter 7.

35. **_First_**, the Debtor has continued to ignore its obligations to taxing authorities.

36. The Debtor, having filed this petition on July 7, has paid its employees five times post-petition, biweekly beginning with the pay period June 30.

37. Consistent with the Debtor's pre-petition practices, taxes were withheld from the employee wages, but not paid or otherwise segregated for payment to the Internal Revenue Service. Nor has the Debtor filed the IRS 941 Return that was due July 31.

38. Under the terms of the Stipulated Order, the Debtor was required to provide proof of the tax deposits for the post-petition wages paid. The United States Trustee has received no evidence for any of the payroll tax deposits.

39. *Second*, Mr. Dailey, the Debtor's sole owner continued post-petition to use the corporate accounts for personal financial obligations.

40. There are several post-petition transactions for personal retail purchases, including groceries, dining out, clothing and online gaming.

41. In addition, on July 13, the Debtor wired $10,000 to Mr. Dailey's personal attorney – an improper use of corporate funds to a lawyer who is not an estate professional.

42. *Third,* the Debtor has not complied with the Operating Instructions and Reporting Requirements of the United States Trustee. (the "OIRR"), nor has it complied with court orders that emphasize and enhance reporting requirements.

43. The OIRR require the Debtor to close all pre-petition bank accounts and open three post-petition Debtor In Possession accounts – a general operating account, a payroll account and a tax account.

44. As of the date of this Motion, and after numerous requests by the Office of the United States Trustee, the Debtor has still not provided evidence that the pre-petition bank accounts at U.S. Bank have been closed. Nor has the Debtor provided evidence that the funds in all pre-petition accounts have been transferred to new Debtor in Possession Accounts.

45. Following the Debtor's failure to comply with OIRR banking requirement, the Court entered the Stipulated Order which imposed deadlines for compliance of this fiduciary duty.

46. Specifically, the third "Ordered" paragraph of Docket No. 96 required that, **on or before September 1, 2023**, the Debtor provide proof that the U.S. Bank account had been closed, and evidence that all funds from pre-petition bank accounts had been transferred to the new Debtor in Possession account.

47. The Debtor has failed to comply with the Stipulated Order.

48. The OIRR also require that the Debtor file Monthly Operating Reports "MORs"). Two months into this bankruptcy proceeding, no MORs have been filed.

49. In addition, the Order allowing the use of cash collateral required the Debtor file bi-weekly income and expense reports beginning July 27 [Docket No. 29].

50. The Debtor has filed only one bi-weekly report, and therefore has failed to comply with the cash collateral order.

51. __*Fourth*__, the Debtor has ignored or refused to comply with reasonable requests made by the United States Trustee and has not satisfied the provisions of the Stipulated Order that imposed a deadline of September 1 to comply with such requests.

52. The United States Trustee made several requests for information including details about Debtor's receivables, and amendment to Schedule E/F to more accurately disclose liabilities, and an amendment to the Statement of Financial Affairs that answers Part 2, question #4 requiring the Debtor to list transfers to insiders.

53. The Stipulated Order reiterates these requests for information with a deadline of September 1, 2023.

54. The Debtor has provided no information concerning receivables.

55. Schedule E/F was amended but is still insufficient to satisfy disclosure requirements as it lists several unusually rounded amounts owed, and several claims with unknown amounts owed.

56. The Debtor has not complied with requests for information, nor offered a reasonable explanation for its failure to do so and has failed to comply with the Stipulated Order.

**Relief Requested**

There is cause to dismiss or convert this case to one under chapter 7.

A. The Debtor's estate has been grossly mismanaged. The Debtor has failed to timely pay taxes withheld from employee wages – funds held in trust for the IRS, in violation of Federal tax laws. The Debtor, through its sole owner, has failed to recognize corporate formalities, allowing the payment of personal expenses from corporate funds. The Debtor's pre-petition conduct as a law firm with fiduciary duties to its clients, in failing to comply with court orders, is indicative of its lack of fiduciary responsibility required by a debtor in possession. {11 U.S.C. §1112(b)(4)(B)}

B. The Debtor has failed to comply with two bankruptcy court orders – the Stipulated Order (Docket No. 96) and the cash collateral order (Docket No. 29). {11 U.S.C. §1112(b)(4)(E)}

C. The Debtor has not timely paid post-petition taxes or filed post-petition tax returns. {11 U.S.C. §1112(b)(4)(I)}

D. The Debtor has not complied with reasonable requests for information and has not complied with the Operating Instructions and Reporting Requirements of the United States Trustee. {11 U.S.C. §1112(b)(4)(H)}

WHEREFORE, the United States Trustee respectfully requests this Court enter an Order for dismissal or conversion of this case to one under chapter 7, whichever the Court determines is in the best interest of the estate.

                          Respectfully submitted,

                          **ANDREW R. VARA**
                          **UNITED STATES TRUSTEE**
                          Regions 3 and 9

            By    /s/ Jill M. Gies
                    Trial Attorney
                    Office of the U.S. Trustee
                    211 West Fort St - Suite 700
                    Detroit, Michigan 48226
                    (313) 226-7912
                    Jill.Gies@usdoj.gov
                    [P56345]

Dated: September 6, 2023

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                        Case No. 23-45970-mlo

**Dailey Law Firm PC**,                     Chapter 11 – Subchapter V

    Debtor.                              Hon. Maria L. Oxholm
_____/

### ORDER CONVERTING CASE

**THIS MATTER** came before the Court upon the Motion of the United States Trustee to dismiss or convert this case. Notice was properly served upon the Debtor and no response was timely filed or served upon the U.S. Trustee.

**NOW, THEREFORE,**

**IT IS ORDERED** that the case is **CONVERTED** to Chapter 7, and that the Debtor, within 30 days, will file a final report and account including schedules of unpaid debts incurred, and executory contracts or leases and of property acquired, after the commencement of the Chapter 11 cases.

**IT IS FURTHER ORDERED** that within 10 days, the Debtor will file a supplemental matrix of the names and addresses of all creditors who became such only during the pendency of their Chapter 11 cases, if any.