UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Dailey Law Firm, PC,   Case No. 23-45970-mlo
                              Chapter 11
        Debtor.                Hon: Maria L. Oxholm
_____/

**RESPONSE TO UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. §1112 FOR AN ORDER CONVERTING CASE TO CHAPTER 7, OR DISMISSING CASE**

Dailey Law Firm, P.C., Debtor, through counsel, Goldstein Bershad & Fried PC, in response to United States Trustee's Motion, states as follows:

1. In response to paragraph 1 of United States Trustee's Motion, the Debtor admits this allegation as true.

2. In response to paragraph 2 of United States Trustee's Motion, the Debtor admits this allegation as true.

3. In response to paragraph 3 of United States Trustee's Motion, the Debtor admits this allegation as true.

4. In response to paragraph 4 of United States Trustee's Motion, the order speaks for itself.

5. In response to paragraph 5 of United States Trustee's Motion, the Debtor admits that Attorney Polderman is a superceded custodian and was the court appointed receiver prior to the Chapter 11 case.

6. In response to paragraph 6 of United States Trustee's Motion, the Debtor admits the allegation as true and the Wayne County Circuit Court records speak for themselves.

7. In response to paragraph 7 of United States Trustee's Motion, the Debtor admits that as true as tendering $600,000.00 was an impossibility.

8. In response to paragraph 8 of United States Trustee's Motion, the Debtor neither admits not denies the allegations. There were multiple reasons for filing the Chapter 11 proceeding

including but not limiting to attempting to resolve the debts of the Internal Revenue Service, high interest merchant capital advance loans, embezzlement.

9. In response to paragraph 9 of United States Trustee's Motion, the docket and pleadings speak for themselves.

10. In response to paragraph 10 of United States Trustee's Motion, Debtor admits this allegation as true.

11. In response to paragraph 11 of United States Trustee's Motion, order speaks for itself.

12. In response to paragraph 12 of United States Trustee's Motion, statute speaks for itself.

13. In response to paragraph 13 of United States Trustee's Motion, statute speaks for itself.

14. In response to paragraph 14 of United States Trustee's Motion, cases speak for themselves.

15. In response to paragraph 15 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

16. In response to paragraph 16 of United States Trustee's Motion, cases speak for themselves.

17. In response to paragraph 17 of United States Trustee's Motion, cases speak for themselves.

18. In response to paragraph 18 of United States Trustee's Motion, Debtor neither admits nor denies the allegations and leaves the movant to its own proofs.

19. In response to paragraph 19 of United States Trustee's Motion, the Debtor admits the allegation as true. Further, the Debtor sought bankruptcy protections as a mechanism to reorganize the debt to the Internal Revenue Service.

20. In response to paragraph 20 of United States Trustee's Motion, the Debtor admits it formerly had 11 W-2 employees. However, the Debtor in order to reorganize has dismissed several employees.

21. In response to paragraph 21 of United States Trustee's Motion, the Debtor admits that taxes were not paid to the IRS; however this was during a time of having cancer and suffering from embezzlement.

22. In response to paragraph 22 of United States Trustee's Motion, the claim of the Internal Revenue Service is estimated. Upon information and belief the Debtor asserts the claims is much less and can be paid by the revenue generated by the Debtor pursuant to the framework of the bankruptcy code.

23. In response to paragraph 23 of United States Trustee's Motion, the Debtor denies this obligation as untrue and leaves the movant to its own proofs. Any payment of personal expenses is treated as income to the sole owner.

24. In response to paragraph 24 of United States Trustee's Motion, Debtor admits that he was on payroll. However, due to financial issues he was unable to pay himself.

25. In response to paragraph 25 of United States Trustee's Motion, Debtor admits that Brian Dailey could not cash his payroll checks due to the liquidity crisis of the Debtor; however, any funds from the Debtor were treated as income to Brian Dailey.

26. In response to paragraph 26 of United States Trustee's Motion, documents speak for themselves.

27. In response to paragraph 27 of United States Trustee's Motion, documents speak for themselves.

28. In response to paragraph 28 of United States Trustee's Motion, documents speak for themselves. Further, the $12,000.00 payment to a personal lawyer was regarding Brian Dailey's law

license and the attorney grievance commission; therefore, this is an appropriate expense as without the law license there is no firm.

29. In response to paragraph 29 of United States Trustee's Motion, Debtor admits that an order to pay $600,000 to the Wayne County Circuit Court was not followed adhered to as it was impossible.

30. In response to paragraph 30 of United States Trustee's Motion, Debtor admits that an order to pay $600,000 to the Wayne County Circuit Court was not followed adhered to as it was impossible.

31. In response to paragraph 31 of United States Trustee's Motion, complaint speaks for itself. Brian Dailey is defending this complaint and denies any misconduct.

32. In response to paragraph 32 of United States Trustee's Motion, complaint speaks for itself. Brian Dailey is defending this complaint and denies any misconduct.

33. In response to paragraph 33 of United States Trustee's Motion, complaint speaks for itself. Brian Dailey is defending this complaint and denies any misconduct.

34. In response to paragraph 34 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

35. In response to paragraph 35 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

36. In response to paragraph 36 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

37. In response to paragraph 37 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

38. In response to paragraph 38 of United States Trustee's Motion, order speaks for itself.

39. In response to paragraph 39 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

40. In response to paragraph 40 of United States Trustee's Motion, Debtor states that any transaction for personal items of Brian Dailey are treated as income.

41. In response to paragraph 41 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

42. In response to paragraph 42 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

43. In response to paragraph 43 of United States Trustee's Motion, the Operating and Reporting requirements speak for itself.

44. In response to paragraph 44 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

45. In response to paragraph 45 of United States Trustee's Motion, order speaks for itself.

46. In response to paragraph 46 of United States Trustee's Motion, order speaks for itself.

47. In response to paragraph 47 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

48. In response to paragraph 48 of United States Trustee's Motion, docket speaks for itself.

49. In response to paragraph 49 of United States Trustee's Motion, order speaks for itself.

50. In response to paragraph 50 of United States Trustee's Motion, docket speaks for itself.

51. In response to paragraph 51 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

52. In response to paragraph 52 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

53. In response to paragraph 53 of United States Trustee's Motion, order speaks for itself.

54. In response to paragraph 54 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

55. In response to paragraph 55 of United States Trustee's Motion, Debtor denies the allegation as untrue. The claims listed as unknown are litigation claims where the debt is unknown.

56. In response to paragraph 56 of United States Trustee's Motion, Debtor neither admits nor denies the allegation and leaves the movant to its own proofs.

WHEREFORE, Debtor prays that this Honorable Court deny United States Trustee's Motion Under 11 U.S.C. §1112 For an Order Converting Case to Chapter 7, Or Dismissing Case and award your Debtor such other and further relief as this Court determines to be just and equitable.

Respectfully submitted,

Goldstein Bershad & Fried PC

/s/ Scott M. Kwiatkowski
Scott M. Kwiatkowski P67871
Attorneys for Debtor
4000 Town Center, Suite 1200
Southfield, MI 48075
(248) 355-5300
scott@bk-lawyer.net

Dated: September 12, 2023

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Dailey Law Firm, PC,                     Case No. 23-45970-mlo
                                                Chapter 11
        Debtor.                          Hon: Maria L. Oxholm
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2023 the following papers were electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the following ECF Participants:

| Documents Filed: | Response to United States Trustee's Motion under 11 U.S.C. §1112 For an Order Converting Case to Chapter 7, Or Dismissing Case and this Certificate of Service |
|---|---|
| ECF Participants: | All parties listed by the Court for service via electronic mailing |

And I hereby certify that I mailed the documents by United States Postal Service to the following non-ECF participants:

| NONE |
|---|

        /s/ Jennifer L. Gamalski
        Jennifer L. Gamalski
        4000 Town Center, Suite 1200
        Southfield, MI 48075
        Phone: (248) 355-5300
        Fax: (248) 355-4644
        Scott M. Kwiatkowski P-67871
        email scott@bk-lawyer.net

Dated: September 12, 2023