**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**(DETROIT)**

In Re:

Dailey Law Firm PC                    Case No.  23-45970-mlo
                                      Chapter 11
          Debtor.                     Hon. Maria L. Oxholm
_____/

**CONCURRENCE BY THE STATE COURT APPOINTED RECEIVER TO**
**UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT**

John Polderman, Esq., as pre-petition Receiver of the assets of the Dailey

Law Firm PC ("DLF") (the "Receiver"), by and through the undersigned counsel,

concurs in the relief requested by the United States Trustee ("UST").  Responding

further, the Receiver states as follows:

1.      For the reasons stated in the Receiver's Motion to Dismiss [Dkt. # 70],

the Receiver concurs in the UST's Motion to Dismiss or Convert.

2.      The Receiver submits that dismissal, rather than conversion is the best

result for the creditors.

3.      "The standard for choosing between conversion or dismissal based on

'the best interest[s] of creditors and the estate' implies application of a balancing test

by the bankruptcy court." *In re Costa Bonita Beach Resort, Inc*., 513 B.R. at 196

(citing *De Jounghe v. Lugo Mender* (*In re De Jounghe*), 334 B.R. 760, 770 (B.A.P.

1st Cir. 2005); *In re Staff Inv. Co.,* 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992)).

4. While the Bankruptcy Code does not define "best interests" for purposes of the §1112(b)(1) inquiry, courts typically consider:

(1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal, (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted, (3) whether the debtor would simply file a further case upon dismissal, (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors, (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise, (6) whether any remaining issues would be better resolved outside the bankruptcy forum, (7) whether the estate consists of a "single asset," (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests, (9) whether a plan has been confirmed and whether any property remains in the estate to be administered, and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environment and safety concerns. *In re Andover Covered Bridge, LLC*, 553 B.R. at 178 (quoting *In re Costa Bonita Beach Resort, Inc*., 513 B.R. at 200-01); see also *In re Spenlinhauer*, 592 B.R. 1, 7 (D. Mass. 2018) (considering a number of the Andover Covered Bridge factors).

5.    One court advanced the following principle to guide the "best interests" analysis:

> "[C]reditors are generally 'best served by the course of action that results in the largest number of [them] being paid the largest amount of money in the shortest amount of time.'" *In re Aurora Memory Care, LLC*, 589 B.R. 631, 643 (Bankr. N.D. Ill. 2018) (quoting *In re Rey*, No. 04 B 35040, 2006 WL 2457435, at *9 (Bankr. N.D. Ill. Aug. 21, 2006), and citing *In re Del Monico*, No. 04 B 28235, 2005 WL 1129774, at *3 (Bankr. N.D. Ill. May 13, 2005)).

> It reasoned: "The best interest of the estate turns on whether its economic value 'is greater in or out of bankruptcy.'" *Id.* (citations omitted); see also *In re Staff Inv. Co.*, 146 B.R. at 261 (stating "the prime criterion for assessing the interest of the estate is the maximization of its value as an economic enterprise").

6.    In analyzing the Andover factors, the Receiver submits that dismissal is the preferred method to return the most funds to the most amount of creditors in the shortest amount of time, and especially based on factor number 5. Following is the analysis of the factors:

| Factor | Dismissal | Conversion |
|---|---|---|
| (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal | Dismissal would result in the reinstatement of the receivership proceeding. The Receiver would not be able to recover preferential payments as preferences are a creature of bankruptcy law. The debtor has failed to schedule any preferential payments, so it is unclear if this factor would favor conversion or dismissal | A Chapter 7 trustee could recover preferential payments |

| | | |
|---|---|---|
| (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted | No rights, such as a priority right to an administrative claim, have been granted a party in the bankruptcy proceeding that would not also be granted in a receivership proceeding | |
| (3) whether the debtor would simply file a further case upon dismissal | Unknown | |
| (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors | Given the pending receivership action, the receiver and trustee would both be equally capable of reaching assets for the benefit of creditors. Pursuant to MCR 2.622, the Receiver is a fiduciary for the benefit of all creditors | |
| (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise | The Receiver submits that this factor weighs heavily in favor of dismissal, as the Receiver would be able to operate the Debtor as a going concern and maximize recovery to all creditors. | A chapter 7 trustee would liquidate the debtor and not operate as a going concern |
| (6) whether any remaining issues would be better resolved outside the bankruptcy forum | Given the interpleader case, the Receiver submits that the rights and priorities of various lien holders with respect to trust funds are better resolved in the pending state court interpleader case. | |

| | | |
|---|---|---|
| (7) whether the estate consists of a "single asset," | Debtor's assets consist chiefly of accounts receivable for legal services rendered. | |
| (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests | Debtor has engaged in misconduct. However given the appointment of the Receiver pre-petition, creditors would be equally protected by a Chapter 7 trustee or receiver | |
| (9) whether a plan has been confirmed and whether any property remains in the estate to be administered | No plan has been confirmed | |
| 10) whether the appointment of a trustee is desirable to supervise the estate and address possible environment and safety concerns | N/A | |

7.     If there were a substantial amount of preferential payments scheduled, then it would seem that creditors could recover more in a Chapter 7 bankruptcy proceeding rather than a state court receivership proceeding. But the debtor has scheduled few, if any, preferential payments.

8.     In addition, the Receiver has the advantage of being able to operate the debtor as a going concern, which given the revenue generated, can maximize recovery to creditors.

9. Furthermore, the Receivership is governed by MCL 554.1011 et. seq., Michigan's receivership act.

10. It is unclear what would be achieve in a Chapter 7 case that could not be achieved in the state court and through the receivership.

11. Specifically under Michigan law, including the provisions of Mich. Comp. Laws §§ 554.1101-554.1040, effective May 7, 2018, the Debtor can accomplish the following:

(a) seek and obtain a judicial determination of the correct amount of their debts and challenges to same; see, e.g., Mich. Comp. Laws Ann. § 554.1030 (claims process in the receivership action, and requirement in §§ 554.1030(5) and 554.1030(7) that secured and unsecured claims must be allowed, and distributions must be made, according to and under "law of this state other than this act");

(b) seek and obtain a judicial determination of any challenge to the validity and/or extent of the claimed liens; *Id*.;

(c) seeking to protect the Debtor's claimed value in its assets, through a fair market value sale of those assets, through a Section 363-type sale under the 2018 Receivership Act, see, e.g., Mich. Comp. Laws Ann. § 554.1026

12. To the extent the Debtor claims that the Receiver is in any way not acting properly or quickly enough with respect to the Debtor's assets, the Debtor can seek and obtain relief for that from the state court in the state court action See, e.g., Mich. Comp. Laws Ann. § 554.1015(2).

13. Furthermore, the debtor's case merely raises issues of state law concerning the propriety of the Receivership Order and the effectuation of other State Court orders.

14.     These issues are best handled by the State Court, as it was the State Court that issued the Receivership Order and other orders in related proceedings. The State Court is also the judicial body most familiar with these parties and Debtor's alleged sole asset, its accounts receivable, and the various proceedings in which the Debtor and its insiders have participated for over nearly two years.

## Conclusion

**WHEREFORE** the Receiver respectfully requests that an Order be entered dismissing this action.

Respectfully submitted,

**SIMON PLC ATTORNEYS & COUNSELORS**

/s/ *John Polderman*
John Polderman (P65720)
*Court Appointed Receiver*
363 W. Big Beaver Road, Suite 410
Troy, MI 48084
Phone: 248-720-0290
jpolderman@simonattys.com

Dated:  September 12, 2023