UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Dailey Law Firm PC,   Case No. 23-45970-MLO
                      Chapter 7
         Debtor.      Hon. Maria L. Oxholm
_____/

# TRUSTEE'S MOTION TO DESIGNATE BRIAN DAILEY AS THE PERSON RESPONSIBLE FOR DISCHARGING THE DEBTOR'S DUTIES AND COMPELLING PRODUCTION OF INFORMATION

## Jurisdiction

1. Dailey Law Firm PC ("Debtor") filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code on July 7, 2023 (Docket #1).

2. The case was converted to a Chapter 7 on September 14, 2023 (Docket #127).

3. Chapter 7 Trustee Mark H. Shapiro ("Trustee") brings this motion under 11 U.S.C. § 521; and Fed. R. Bankr. P. 1019, 4002, 9001(5), and 9014.

4. This is a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(E), and 1334.

## Background

5. Brian Dailey incorporated the Debtor on September 23, 2008. Since then, Brian Dailey has been the director, secretary, treasurer, president, resident agent, sole shareholder, and person in control of the Debtor.

6. While this case was in a Chapter 11, the Debtor failed to comply with court orders or produce documentation and information requested by the Office of the U.S. Trustee. (Docket #109, UST Motion to Convert or Dismiss Case.)

7. On September 27, 2023, Trustee's counsel emailed Debtor's counsel a list of information and documentation to be produced at a meeting scheduled for September 29, 2023. (Exhibit A, September 27, 2023, letter.)

8. On September 29, 2023, the Trustee and his counsel met with the Debtor and his counsel. At that meeting, the Debtor produced leases for its offices at 63 Kerchevel in Grosse Pointe and 201 W. Washington in Zeeland.

9. On September 29, 2023, Trustee's counsel provided Debtor's counsel with an updated list of information to be produced on or before October 6, 2023, consisting of:

   a. A complete list of all active client cases, contact information, and the files for those cases;
   b. A complete list of all matters for which settlement demands have been made;
   c. Keys and title to 2010 Cadillac;
   d. Accountings for all IOLTA accounts;
   e. Ledgers for all financial accounts for the last six years;
   f. Login and password information for all computers and servers;
   g. Login and password information for all software programs (Rocket matter, QuickBooks, Lawpay, etc.);
   h. Login and password information for all financial accounts;
   i. Login and password information for the company's social media and Amazon accounts;
   j. Access information, including login and password for the company website(s);
   k. Policies for all active insurance;

    l. The name and contact information for the opposing attorney in the Ptsinski matter;
    m. An accounting of all settlement monies received on "settlements reached but unpaid" list;
    n. Amended SOFA answer to paragraph #4; and
    o. Computers, files, and other property in Mr. Dailey's possession.

("Requested Items"; Exhibit B, September 29, 2023, letter).

10. On October 4, 2023, the Trustee entered the Debtor's premises for the purpose of securing and removing all records and property. Since that time, the Trustee has packed several boxes of paperwork and taken possession of the office server and computers.

11. Brian Dailey appeared at the business premises on October 4, 2023, and identified the title to the Cadillac, which Mr. Dailey wishes to purchase from the estate.

12. Besides the title, none of the other Requested Items have been produced.

13. To the extent that the Requested Items are contained on the server or computers, Mr. Dailey can direct the Trustee to the Requested Items; however, the Trustee's requests for login information and passwords have been ignored.

**Legal Basis for Motion**

A.    **Federal Rule of Bankruptcy Procedure 9001(5)**

14. Section 101(13) of the bankruptcy code defines a "debtor" as a "person or municipality concerning which a case under this title has been

commenced." 11 U.S.C. § 101(13). While this is the primary definition of a debtor under the Bankruptcy Code, there are certain instances in which the definition of a "debtor" is expanded. See Fed. R. Bankr. P. 9001(5).

15. Rule 9001(5) expands the definition of a "debtor" as follows:

> "Debtor." When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control: (B) if the debtor is a partnership "debtor" includes any or all of its general partners or, if designated by the court, any other person in control.

Fed. R. Bankr. P. 9001(5).

16. The Debtor is a professional corporation—not a natural person. Thus, Rule 9001(5) is applicable. Brian Dailey is the sole shareholder, officer, and person in control of the Debtor.

B. **Debtor's Duties**

17. After the case was converted and the Chapter 7 Trustee was appointed, the Debtor was required to "forthwith, unless otherwise ordered, turn over to the chapter 7 trustee all records and property of the estate in the possession or control of the debtor in possession []." *See* Fed. R. Bankr. P. 1019(4). *See also*

L.B.R. 2003-2 (E.D.M.) (requiring debtor to produce documents for the meeting of creditors).

18. The Debtor is required to cooperate with the Trustee as necessary to enable the Trustee to perform his duties under the bankruptcy code and surrender to the Trustee all property of the estate and any recorded information. *See* Fed. R. Bankr. P. 1019(4): 11 U.S.C. §§ 521(a)(3) and (4).

19. The Debtor must "cooperate with the trustee in the [] administration of the estate." *See* Fed. R. Bankr. P. 4002.

20. The Debtor and its attorney each have 'a fiduciary obligation to act in the best interest of the entire estate, including creditors.'" *See Kohut v. Lenaway* (*In re Lennys Copy Ctr. & More LLC*), 515 B.R. 562, 564-65 (Bankr. E.D. Mich. 2014) (citations omitted)).

21. The Debtor must "appear and submit to examination under oath at the statutory meeting of creditors held pursuant to section 341(a) of [the Bankruptcy Code]. *See* 11 U.S.C. §§ 341(a) and 343.

**C.  Brian Dailey is in the best position to fulfill the Debtor's duties**

22. Brian Dailey has complete knowledge of the Debtor's affairs and has possession of or access to its books and records.

23. Unless Brian Dailey is designated as the entity responsible for discharging the Debtor's duties, the Trustee believes that the duties of the Debtor

will not be fulfilled. It is therefore in the best interests of the Estate and its creditors that Brian Dailey be designated as the entity responsible for discharging the duties of the Debtor.

## Relief Requested

The Trustee requests that this Court enter an order in the form attached and grant such further relief as the Court deems appropriate.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: October 11, 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Dailey Law Firm PC,　　　　　　　　　　　　Case No. 23-45970-MLO
　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　Debtor.　　　　　　　　　　　　Hon. Maria L. Oxholm
_____/

# ORDER DESIGNATING BRIAN DAILEY AS THE PERSON RESPONSIBLE FOR DISCHARGING THE DEBTOR'S DUTIES AND COMPELLING PRODUCTION OF INFORMATION

This matter is before the Court on the Trustee's motion. The motion and notice of the motion were served on Brian Dailey and Debtor's counsel, and no objections have been timely filed.

IT IS ORDERED as follows:

A.　　Brian Dailey is designated as the person responsible for discharging the Debtor's duties under Fed. R. Bankr. P. 9001(5).

B.　　Within three days after entry of this Order, Brian Dailey, must provide the Trustee and his counsel with the following—

- access information (passwords, logins, pin numbers) for the Debtor's server and all office computers;
- access information for all software programs (Rocket matter, QuickBooks, Lawpay, etc.);
- access information for all financial accounts;
- access information for the Debtor's social media and Amazon accounts;
- access information, for the Debtor's website(s); and
- computers, files, and other property in Mr. Dailey's possession.

C. Within five days after entry of this Order, Brian Dailey must produce or arrange to assist the Trustee in locating on the Debtor's server and computers, the following information:

- a complete list of all active client cases, contact information, and the files for those cases;
- a complete list of all matters for which settlement demands have been made;
- accountings for all IOLTA accounts;
- policies for all active insurance;
- the name and contact information for the opposing attorney in the Ptsinski matter; and
- an accounting of all settlement monies received on the "settlements reached but unpaid" list that was produced by Debtor's former counsel.

In re:

| | |
|---|---|
| Dailey Law Firm PC, xx-xxx8199 | Case No. 23-45970-MLO |
| 63 Kercheval Ave., Suite 215 | Chapter 7 |
| Grosse Pointe, MI 48236 | Hon. Maria L. Oxholm |
|                 Debtor. | |
| _____/ | |

**14 DAY NOTICE OF TRUSTEE'S MOTION TO
DESIGNATE BRIAN DAILEY AS THE PERSON RESPONSIBLE
FOR DISCHARGING THE DEBTOR'S DUTIES AND
COMPELLING PRODUCTION OF INFORMATION**

Chapter 7 Trustee Mark H. Shapiro has filed papers with the Court for an order designating Brian Dailey as the entity responsible for discharging the duties of the Debtor and compelling production of information.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the motion, or if you want the Court to consider your views on the motion, then or before 14 days from the date of service of this notice, you or your attorney must:

File with the Court a written objection or request for hearing at:[1]

    Intake Office
    U.S. Bankruptcy Court
    211 West Fort Street
    Detroit, Michigan 48226

---

[1] Objection or request for hearing must comply with Fed. R. Civ. P. 8(b), (c), and (e).

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the 14-day period expires. All attorneys are required to file pleadings electronically.

You must also send a copy to:

    Tracy M. Clark, Esq.
    Steinberg Shapiro & Clark
    25925 Telegraph Rd., Suite 203
    Southfield, Michigan 48033

If a response or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                              Steinberg Shapiro & Clark

                                              /s/ Tracy M. Clark (P60262)
                                              Attorney for Trustee
                                              25925 Telegraph Rd., Suite 203
                                              Southfield, MI 48033
                                              (248) 352-4700
                                              clark@steinbergshapiro.com

Date: October 11, 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Dailey Law Firm PC,   Case No. 23-45970-MLO
                      Chapter 7
         Debtor.      Hon. Maria L. Oxholm
_____/

## CERTIFICATE OF SERVICE

I certify that on October 11, 2023, I electronically filed *Trustee's Motion to Designate Brian Dailey as the Person Responsible for Discharging the Debtor's Duties and Compelling Production of Information*; *Notice*; and this *Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to Debtor's counsel.

I also certify that on October 11, 2023, I served a copy of *Trustee's Motion to Designate Brian Dailey as the Person Responsible for Discharging the Debtor's Duties and Compelling Production of Information*; *Notice*; and this *Certificate of Service* via first class mail to:

Brian Dailey
77 Oxford Rd.
Grosse Pointe Shores, MI 48236

/s/ Christine T. Leach, Legal Assistant
Steinberg Shapiro & Clark
Attorneys for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
cleach@steinbergshapiro.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Dailey Law Firm PC,            Case No. 23-45970-MLO
                               Chapter 7
           Debtor.             Hon. Maria L. Oxholm
_____/

## EXHIBIT LIST

| Exhibit | Description |
|---------|-------------|
| A | September 27, 2023, letter |
| B | September 29, 2023, letter |

LAW OFFICES OF
# STEINBERG SHAPIRO & CLARK
25925 TELEGRAPH ROAD, SUITE 203
SOUTHFIELD, MI 48033-2527
_____

PAUL H. STEINBERG (1948 - 2006)
MARK H. SHAPIRO
TRACY M. CLARK

Telephone: (248) 352-4700
Facsimile: (248) 352-4488

Writer's email address: clark@steinbergshapiro.com
Writer's after-hours telephone extension: 206

September 27, 2023

H. Nathan Resnick, Esq.           Via email only
Resnick Law PC                  (hnresnick@resnicklaw.com)
40900 Woodward Ave., Suite 11
Bloomfield Hills, MI 48304

Re:    Dailey Law Firm PC
       Chapter 7 – Case No. 23-45970-MLO

Dear Nate,

      Below is a list of items that will be needed from Mr. Dailey when we meet on Friday:

1. Leases for business premises and equipment;
2. Keys for all business premises and any locked cabinets/drawers;
3. A complete list of all active client cases and the files for those cases;
4. Description of assets and location of those assets;
5. Keys and title to 2010 Cadillac;
6. Accountings for all IOLTA accounts;
7. Ledgers for all financial accounts for the last six years;
8. Filed copies of income and payroll tax returns for the last three years;
9. Login and password information for all computers and servers;
10. Login and password information for all software programs (Rocket matter, QuickBooks, etc.);
11. Login and password information for all financial accounts;
12. Login and password information for the company's social media and Amazon accounts;
13. Access information, including login and password for the company website(s);
14. Policies for all active insurance; and
15. Computers and other property in Mr. Dailey's possession.

Sincerely,<br>
STEINBERG SHAPIRO & CLARK<br>
<br>
/s/<br>
Tracy M. Clark

TMC/ctl
cc:    Mark H. Shapiro, Chapter 7 Trustee

LAW OFFICES OF

# STEINBERG SHAPIRO & CLARK

25925 TELEGRAPH ROAD, SUITE 203
SOUTHFIELD, MI 48033-2527
_____

PAUL H. STEINBERG (1948 - 2006)
MARK H. SHAPIRO
TRACY M. CLARK

Telephone: (248) 352-4700
Facsimile: (248) 352-4488

Writer's email address: clark@steinbergshapiro.com
Writer's after-hours telephone extension: 206

September 29, 2023

H. Nathan Resnick, Esq.  Via email only
Resnick Law PC  (hnresnick@resnicklaw.com)
40900 Woodward Ave., Suite 11
Bloomfield Hills, MI 48304

Re:  Dailey Law Firm PC
     Chapter 7 – Case No. 23-45970-MLO

Dear Nate,

As discussed, below is an updated list of items that will be needed from Mr. Dailey on or before October 6, 2023:

1. A complete list of all active client cases, contact information, and the files for those cases;
2. A complete list of all matters for which settlement demands have been made;
3. Keys and title to 2010 Cadillac;
4. Accountings for all IOLTA accounts;
5. Ledgers for all financial accounts for the last six years;
6. Login and password information for all computers and servers;
7. Login and password information for all software programs (Rocket matter, QuickBooks, Lawpay, etc.);
8. Login and password information for all financial accounts;
9. Login and password information for the company's social media and Amazon accounts;
10. Access information, including login and password for the company website(s);
11. Policies for all active insurance;
12. The name and contact information for the opposing attorney in the Ptsinski matter;
13. An accounting of all settlement monies received on "settlements reached but unpaid" list;

14. Amended SOFA answer to paragraph #4; and
15. Computers, files, and other property in Mr. Dailey's possession.

Once we have a complete list of cases, we can discuss how to proceed.

                        Sincerely,
            STEINBERG SHAPIRO & CLARK

                          /s/
                       Tracy M. Clark

TMC/ctl
cc:    Mark H. Shapiro, Chapter 7 Trustee