UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Dailey Law Firm PC,                                    Case No. 23-45970-MLO
                                                       Chapter 7
                        Debtor.                        Hon. Maria L. Oxholm
_____/

**CHAPTER 7 TRUSTEE'S RESPONSE TO COURT'S ORDER TO SHOW
CAUSE WHY CASE SHOULD NOT BE DISMISSED (DOCKET #171)**

Chapter 7 Trustee Mark H. Shapiro presents the following response to the

Court's October 11, 1023, "Order to Show Cause Why Case Should Not be

Dismissed for Cause," entered at Docket #171 (the "Show Cause Order"), and in

support states as follows:

1.     Dailey Law Firm PC ("Debtor") filed a voluntary petition for relief

under Chapter 11 of the U.S. Bankruptcy Code on July 7, 2023 (Docket #1). The

case was converted to a Chapter 7 on September 14, 2023 (Docket #127).

2.     As the Chapter 7 trustee, Mr. Shapiro has control over the Debtor's

representation. *See In re Jaeger*, 213 B.R. 578, 592 (Bankr. C.D. Cal. 1997) ("In

bankruptcy the rights of a corporation with respect to its present or former counsel

are controlled by the trustee…") (citing *Commodity Futures Trading Comm'n v.

Weintraub*, 471 U.S. 343, 351-52 (1985)). *See also Krivolavek v Beavex, Inc., 2021

U.S. Dist. LEXIS 221468* (E.D. Cal. 2021) (concluding that after the case converted

to a Chapter 7 and the trustee affirmed that he would not be retaining the corporate debtor's counsel for any purpose, debtor's attorney was "effectively discharged" as debtor's counsel and her withdrawal from the case was mandatory.)

3.      The Trustee has retained counsel for the estate, and it isn't Nathan Resnick's firm. Thus, Mr. Resnick is effectively discharged as counsel for the Debtor.

4.      As part of the administration of the estate, the Trustee intends to investigate the extent and source of payments made to Mr. Resnick, and if the Court still requires, the Trustee will file a statement containing the information required by Rule 2016(b).

5.      Finally, the Debtor's operations have ceased, and the Trustee has taken steps to secure the assets and records of the Debtor. Creditors have filed claims, including claims for trust funds that the Debtor's principal has failed to account for. At this time, the claims against the Debtor's trust funds exceed the amount secured from the Debtor's IOLTA accounts. If this case is dismissed, the trust funds will be placed back into the hands of the Debtor's principal, who is defending disciplinary complaints in two states that include allegations concerning the misuse of over $700,000 of IOLTA funds.

WHEREFORE, the Trustee respectfully requests that the Court dissolve the

Show Cause Order.

Steinberg Shapiro & Clark


/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: October 16, 2023