UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Dailey Law Firm PC,                         Case No. 23-45970-MLO
                                            Chapter 7
                    Debtor.                 Hon. Maria L. Oxholm
_____/

## TRUSTEE'S MOTION FOR ORDER FINDING BRIAN DAILEY AND DAILEY TRIAL LAWYERS, PC IN CONTEMPT AND ASSESSING SANCTIONS

### Jurisdiction

1.      Chapter 7 Trustee Mark H. Shapiro ("Trustee") brings this motion under 11 U.S.C. §§ 105, 362, and 541; and Fed. R. Bankr. P. 2002 and 9014.

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1334(b), 157(a), 157(b) and Local Rule 83.50(a) (E.D. Mich.).

3.      The matter before the Court is a core proceeding, and this Court has authority to enter a final order. *See* 28 U.S.C. § 157(b)(2)(A) (matters concerning administration of the estate).

### Background

4.      Dailey Law Firm, PC ("Debtor" or "Dailey Law Firm") was incorporated by Brian Dailey ("Dailey") in 2008.

5.      Dailey Law Firm was a law firm specializing in personal injury litigation and criminal defense.

6. Dailey is a licensed attorney with the State Bar of Michigan since 1987 and was the sole officer and shareholder of Dailey Law Firm.

7. On July 7, 2023, Dailey Law Firm filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code (Docket #1).

8. On September 14, 2023 ("Conversion Date"), the Chapter 11 case was converted to a Chapter 7 (Docket #127). On that same day, Dailey formed a new firm, Dailey Trial Lawyers, PC ("DTL"). (Exhibit A, LARA printout.)

**A. The Debtor is entitled to fees earned in Client Cases.**

9. On the Conversion Date, the Debtor represented numerous clients in legal matters under contingency fee arrangements ("Client Cases").

10. As Client Cases are settled or otherwise adjudicated and funds become available ("Case Funds"), attorney fees and expenses will be deducted, and the net amount will be paid to the respective client.

11. The Debtor is entitled to reimbursement of expenses incurred and payment for services performed on Client Cases ("Fees and Expenses"). *See In re McInerney*, 528 B.R. 684, 695-96 (Bankr. E.D. Mich. 2014) (holding that, under Michigan law, a law firm hired under a contingency fee agreement that is terminated before completing its work in a lawsuit is entitled to the reasonable value of its services on a quantum meruit basis) (citing *Morris v. City of Detroit*, 189 Mich. App. 271, 472 N.W.2d 43, 47 (1991); *Island Lake Arbors Condominium*

*Assn. v. Meisner & Associates, P.C.*, 301 Mich. App. 384, 837 N.W.2d 439, 440, 445-48 (2013)). *See also*, *In re Wyman,* 2019 Bankr. LEXIS 2997 (Bankr. E.D. Mich. 2019) (following *McInerney*).

**B. Dailey and DTL seek to "extinguish" the Debtor's interest in the Fees and Expenses.**

12.    On January 18, 2024, at 6:33 p.m., Brian Dailey emailed Trustee's counsel a motion for substitution in the Client Case of *Hughey v. GMP Southeast, LLC*, along with a notice of hearing set for **January 23, 2024**. The Email states—

> *I am enclosing a motion for substitution along with notice of hearing and proposed order. Note that the hearing on the motion is set for January 23, 2024 at 10:00 AM.*
>
> *Please let me know if you are willing stipulate to the entry of the proposed order.*
>
> *It is my expectation that I will be filing additional motions for substitution. Please advise if you are willing to stipulate to our upcoming motions for substitutions.*

(Exhibit B, January 18, 2024, Email).

13.    In the motion for substitution, DTL seeks to 1) allow DTL to substitute in place of the Debtor ***nunc pro tunc*** to the Conversion Date, 2) "extinguish" any lien that the Debtor has on fees, 3) have settlement funds be sent "to the custody of Attorney Brian Dailey," and 4) require the Trustee to produce the client file within 7 days. Below is the specific request for relief contained in motion:

WHEREFORE, Plaintiff prays this Honorable Court find in her favor and against the Dailey Law Firm, PC and enter an order providing for the following relief:

1. Allow Dailey Trial Lawyers, PC to be substituted in the place and stead of Dailey Law Firm, PC Nunc Pro Tunc to September 14, 2023

2. Extinguishing any lien in favor of Dailey Law Firm, PC in relation to any attorney fee against the proceeds of any settlement that may arise.

3. Directing that any settlement funds will be made payable as follows: Tina Hughey and Dailey Trial Lawyers, PC and directing same to the custody of Attorney Brian Dailey at the current address of Dailey Trial Lawyers, PC or by allowing Dailey Trial Lawyers, PC to retrieve said funds in person from Counsel for the Defendant.

(Exhibit C, Hughey Substitution Motion; proposed order and notice of hearing.)

14.     The proposed order filed in the Hughey case, which is not consistent with the relief requested in the motion, states—

1. Plaintiff's Motion for substitution of Counsel is granted Nunc Pro Tunc to the date of September 14, 2023;

2. Mark A. Shapiro Trustee in Re: Chapter 7 Bankruptcy of Dailey Law Firm, PC shall produce within 7 days of the date of the entry of this order to Counsel for the Plaintiff a complete copy of the file, i.e. both digital and hard file in relation to Tina Hughey;

15.     On January 19, 2024, Trustee's counsel offered to stipulate to Dailey's substitution in cases where he had been retained by the client and to

provide the case files to Dailey,[1] but not to the other extraordinary relief (*nunc pro tunc* substitution, extinguishment of liens, and 7-day production of files). Dailey declined, referring Trustee's counsel to his attorney. (Exhibit D, January 19, 2024, Emails with Dailey.)

16.    Also on January 19, 2024, the Trustee learned from defendant's counsel in the case of *Murphy v. Esurance* that DTL had filed a similar motion in that case. (Exhibit E, Murphy Substitution Motion; proposed order and notice of hearing.)

17.    DTL never served the Trustee with the Murphy Substitution Motion. The hearing on the Murphy Substitution Motion is set for **February 2, 2024**. (*Ibid.*)

18.    The Trustee sought help from Dailey's attorney to stop him from filing the motions to extinguish the Debtor's interest in fees. Dailey's attorney stated that he has "nothing to do with these cases or the motions," but he would contact Mr. Dailey. (Exhibit F, January 19, 2024, Emails with Resnick.) The Trustee did not hear anything further from Mr. Resnick.

---

[1] In a telephone call, on January 19, 2024, Trustee's counsel informed Dailey's counsel that the Trustee would turn over copies of electronic files in his possession and provide Dailey with access to the Debtor's paper records to locate the files that he will be taking over.

## Legal Basis for Contempt

19.     The stay of section 362 of the U.S. Bankruptcy Code is extremely broad and prevents any action "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

20.     The automatic stay is considered equivalent to a court order. *Shieldalloy Metallurgical Corp. v. State Dep't of Envtl. Prot.,* 743 F. Supp. 2d 429, 440 (D. N.J. 2010)*; In re Odom,* 570 B.R. 718, 722 (Bankr. E.D. Pa. 2017) (citing *In re Noffsinger*, 316 B.R. 283, 285 n.2 (Bankr. W.D. Ky. 2004)).

21.     Knowledge of the bankruptcy case is "treated as knowledge of the automatic stay." *Id.* (citing *In re Theokary,* 444 B.R. 306, 322 (Bankr. E.D. Pa. 2011) (collecting cases); *In re Stewart*, 499 B.R. 557, 571 (Bankr. E.D. Mich. 2013).

22.     "A violation of the stay is punishable as contempt of court." 3 COLLIER ON BANKRUPTCY ¶ 362.12[2]; *see also In re Lapeer Aviation, Inc.* 2023 Bankr LEXIS 1237 *7 (Bankr. E.D. Mich. 2023) (citing *In re Nicole Gas Prod.,* 502 B.R. 508, 510 (Bankr. S.D. Ohio 2013) (additional citations omitted).

23.     The court may sanction a party for violating the automatic stay under 11 U.S.C. § 105(a), which provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this

title." 11 U.S.C. § 105(a). *See e.g., In re Nicole Gas Prod.,* at 510 (finding authority to levy sanctions for stay violations under § 105(a)).

24.　　The standards for civil contempt were refined by the Supreme Court's 2019 decision in *Taggert v. Lorenzen,* 139 S. Ct. 1795 (2019). *In re City of Detroit*, 614 B.R. 255, 263 (Bankr. E.D. Mich. 2020).

25.　　After *Taggert,* to establish a finding of civil contempt, a party must prove that "(1) the party violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts; (2) the party did so with knowledge of the court's order; and (3) there is no fair ground of doubt as to whether the order barred the party's conduct — *i.e.*, no objectively reasonable basis for concluding that the party's conduct might be lawful." *City of Detroit* at 265. The Trustee must prove the first two elements by clear and convincing evidence. *See id.* 265-66.

26.　　Once the movant establishes his prima facie case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Serv. Co*., 340 F.3d 373, 379 (6th Cir. 2003) (citing *United States v. Rylander*, 460 U.S. 752 (1983)).

27.　　When evaluating whether the non-compliant party was unable to comply, the court considers whether the party "took all reasonable steps within

[his] power to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989)).

28.     A specific intent to violate the stay is not required. *In re Daniels,* 206 B.R. 444, 445 (Bankr. E.D. Mich. 1197) ("It is sufficient that the creditor knows of the bankruptcy and engages in deliberate conduct that, it so happens, is a violation of the stay.") Moreover, "where there is actual notice of the bankruptcy it must be presumed that the violation was deliberate or intentional." *Id.*

29.     Dailey and DTL certainly had knowledge of the bankruptcy filing and the Trustee's claims to the Fees and Expenses based on the motions filed in this case, but Dailey and DTL have continually taken action to exercise control over estate property in violation of 11 U.S.C. § 362(a)(3).

30.     The Trustee requests that the Court issue an order appropriate to carry out the provisions of the bankruptcy code as permitted by 11 U.S.C.§ 105(a).

## Legal Basis for Damages

31.     The Court has broad discretion to fashion an appropriate remedy for contempt. *Gary's Elec. Serv. Co.*, 340 F.3d at 385.

32.     The primary purposes of civil contempt are to compel obedience to a court order and compensate for injuries caused by noncompliance. *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983).

8

33. Bankruptcy courts have discretion to award punitive damages for a violation of the automatic stay if the following two requirements are met: 1) the violation was willful, and 2) an award of punitive damages is necessary to deter and thereby prevent any further stay violations. *See Vining v. Comerica Bank (M.T.G., Inc.)*, 646 B.R. 1. 176–177 (Bankr. E.D. Mich. 2022).

34. Dailey has already been found in contempt twice in this case (docket #216 and #232).

35. Dailey's actions are beyond the pale for anyone, but especially so for an officer of the court.

36. The Trustee incorporates the allegations set forth in his motion filed at docket #275 to further substantiate the need for punitive damages to prevent Dailey and DTL from further stay violations.

**Relief Requested**

The Trustee requests that this Court enter an order substantially in the form attached and grant such further relief as the Court deems appropriate.

Steinberg Shapiro & Clark

/s/ Tracy M. Clark (P60262)
Attorney for Trustee
25925 Telegraph Rd., Suite 203
Southfield, MI 48033
(248) 352-4700
clark@steinbergshapiro.com

Date: January 22, 2024

9

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Dailey Law Firm PC,                           Case No. 23-45970-MLO
                                              Chapter 7
                    Debtor.                   Hon. Maria L. Oxholm
_____/

## ORDER FINDING BRIAN DAILEY AND DAILEY TRIAL LAWYERS, PC IN CONTEMPT AND ASSESSING SANCTIONS

This matter is before the Court on the Trustee's Motion for Order Finding Brian Dailey and Dailey Trial Lawyers, PC in Contempt and Assessing Sanctions ("Motion"; Docket #__). The Motion and notice of the Motion were served on Brian Dailey, through his counsel, and Dailey Trial Lawyers, PC and no objections have been timely filed.

After consideration of the Motion, the Court finds that Brian Dailey and Dailey Trial Lawyers, PC have repeatedly sought to exercise control over property of the estate by, among other things, filing state court motions to extinguish liens of the Debtor and to charge the Trustee with duties that he is not bound to do.

IT IS ORDERED as follows:

1.      Brian Dailey and Dailey Trial Lawyers, PC are declared in civil contempt of court for violating the automatic stay.

2. Costs are assessed against Brian Dailey and Dailey Trial Lawyers, PC, jointly and severally, for reasonable attorney fees and expenses incurred by Trustee's counsel because of the stay violations alleged in the Motion and for the time spent obtaining this Order. The amount of the attorney fees and expenses will be determined by further order of this Court, using the same procedures as those described by L.B.R. 7054-1 (E.D. Mich.).

3. Punitive damages of $5,000 are assessed against Brian Dailey and Dailey Trial Lawyers, PC, jointly and severally, and shall be paid to Chapter 7 Trustee Mark H. Shapiro within 15 days after entry of this Order.

4. Brian Dailey and Dailey Trial Lawyers, PC may purge themselves of the contempt by immediately ceasing all efforts to exercise control over property of the estate and withdrawing all motions they have filed to extinguish liens or interests of the bankruptcy estate.

5. If Brian Dailey and/or Dailey Trial Lawyers, PC fails to fully purge themselves of the contempt by complying with the provisions of paragraph 3 of this order, the Trustee need only file a Declaration of Non-Compliance and the Court will immediately schedule a hearing to consider additional sanctions, incarceration, and other remedies to compel compliance.

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| Dailey Law Firm PC, xx-xxx8199 | Case No. 23-45970-MLO |
| 63 Kercheval Ave., Suite 215 | Chapter 7 |
| Grosse Pointe, MI 48236 | Hon. Maria L. Oxholm |
| Debtor. | |

_____/

**14 DAY NOTICE OF TRUSTEE'S MOTION FOR ORDER FINDING
BRIAN DAILEY AND DAILEY TRIAL LAWYERS, PC IN
CONTEMPT AND ASSESSING SANCTIONS**

Chapter 7 Trustee Mark H. Shapiro has filed papers with the Court for an order
finding Brian Dailey and Dailey Trial Lawyers, PC in contempt and assessing
sanctions.

**Your rights may be affected**. You should read these papers carefully and discuss
them with your attorney, if you have one in this bankruptcy case. (If you do not
have an attorney, you may wish to consult one.)

If you do not want the Court to grant the motion, or if you want the Court to
consider your views on the motion, then or before 14 days from the date of service
of this notice, you or your attorney must:

File with the Court a written objection or request for hearing at:[1]

> Intake Office
> U.S. Bankruptcy Court
> 211 West Fort Street
> Detroit, Michigan 48226

If you mail your response to the Court for filing, you must mail it early enough so
the Court will **receive** it on or before the 14-day period expires. All attorneys are
required to file pleadings electronically.

---

[1] Objection or request for hearing must comply with Fed. R. Civ. P. 8(b), (c), and (e).

You must also send a copy to:

    Tracy M. Clark, Esq.
    Steinberg Shapiro & Clark
    25925 Telegraph Rd., Suite 203
    Southfield, Michigan 48033

If a response or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

    Steinberg Shapiro & Clark


    /s/ Tracy M. Clark (P60262)
    Attorney for Trustee
    25925 Telegraph Rd., Suite 203
    Southfield, MI 48033
    (248) 352-4700
    clark@steinbergshapiro.com

Date: January 22, 2024

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Dailey Law Firm PC,                              Case No. 23-45970-MLO
                                                 Chapter 7
                        Debtor.                  Hon. Maria L. Oxholm
_____/

## CERTIFICATE OF SERVICE

I certify that on January 22, 2024, I electronically filed *Trustee's Motion for Order Finding Brian Dailey and Dailey Trial Lawyers, PC in Contempt and Assessing Sanctions*; *14 Day Notice*; and this *Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to the following party required to receive service:

H. Nathan Resnick, Esq. (hnresnick@resnicklaw.com, jblock@resnicklaw.com)

And I certify that on January 22, 2024, I mailed a copy of the *Trustee's Motion for Order Finding Brian Dailey and Dailey Trial Lawyers, PC in Contempt and Assessing Sanctions; 14 Day Notice*; and this *Certificate of Service* to the following parties by first-class mail:

Dailey Trial Lawyers, PC
Attn. Brian Dailey, Resident Agent
77 Oxford Road
Grosse Pointe Shores, MI 48236

                                  /s/ Christine T. Leach, Legal Assistant
                                  Steinberg Shapiro & Clark
                                  Attorneys for Trustee
                                  25925 Telegraph Rd., Suite 203
                                  Southfield, MI 48033
                                  (248) 352-4700
                                  cleach@steinbergshapiro.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Dailey Law Firm PC,                          Case No. 23-45970-MLO
                                             Chapter 7
                      Debtor.                Hon. Maria L. Oxholm
_____/

**EXHIBIT LIST**

| Exhibit | Description |
|---------|-------------|
| A | LARA printout |
| B | January 18, 2024, Email |
| C | Hughey Substitution Motion; proposed order and notice of hearing |
| D | January 19, 2024, Emails with Dailey |
| E | Murphy Substitution Motion; proposed order and notice of hearing |
| F | January 19, 2024, Emails with Resnick |

# EXHIBIT A

LARA printout

LARA Home    Contact LARA    Online Services    News    MI.gov

# LARA Corporations Online Filing System
## Department of Licensing and Regulatory Affairs

**ID Number: 803099231**

[Request certificate]    [Return to Results]    [New search]

**Summary for: DAILEY TRIAL LAWYERS, PC**

**The name of the DOMESTIC PROFESSIONAL CORPORATION:** DAILEY TRIAL LAWYERS, PC

**Entity type:** DOMESTIC PROFESSIONAL CORPORATION

**Identification Number:** 803099231

**Date of Incorporation in Michigan:** 09/14/2023

**Term:** Perpetual

| Most Recent Annual Report: | Most Recent Annual Report with Officers & Directors: |
|---|---|

**The name and address of the Resident Agent:**

| | | | | | |
|---|---|---|---|---|---|
| Resident Agent Name: | BRIAN DAILEY | | | | |
| Street Address: | 77 OXFORD ROAD | | | | |
| Apt/Suite/Other: | | | | | |
| City: | GROSSE POINTE SHORES | State: | MI | Zip Code: | 48236 |

**Registered Office Mailing address:**

| | | | | | |
|---|---|---|---|---|---|
| P.O. Box or Street Address: | 77 OXFORD ROAD | | | | |
| Apt/Suite/Other: | | | | | |
| City: | GROSSE POINTE SHORES | State: | MI | Zip Code: | 48236 |

**Act Formed Under:** 284-1972 Business Corporation Act

**Acts Subject To:** 284-1972 Business Corporation Act

**Total Authorized Shares:** 60,000

☐ **Written Consent**

**View filings for this business entity:**

```
ALL FILINGS
ANNUAL REPORT/ANNUAL STATEMENTS
ARTICLES OF INCORPORATION
RESTATED ARTICLES OF INCORPORATION
CERTIFICATE OF AMENDMENT TO THE ARTICLES OF INCORPORATION
CERTIFICATE OF ABANDONMENT OF AMENDMENT
```

[View filings]

**Comments or notes associated with this business entity:**

# EXHIBIT B

January 18, 2024, Email

**From:** brian@daileytriallawyers.com
**Date:** January 18, 2024 at 6:33:36 PM EST
**To:** Tracy Clark <clark@steinbergshapiro.com>
**Cc:** hnresnick@resnicklaw.com, Charmaine Hoort <charmaine@daileytriallawyers.com>
**Subject: Hughey vs. GPM Southeast, LLC d/b/a Marathon Admiral Gas Station, Muskegon County Circuit Court Case No. 23-001248-NO**

*Ms. Clark*

*I am enclosing a motion for substitution along with notice of hearing and proposed order. Note that the hearing on the motion is set for January 23, 2024 at 10:00 AM.*

*Please let me know if you are willing stipulate to the entry of the proposed order.*

*It is my expectation that I will be filing additional motions for substitution. Please advise if you are willing to stipulate to our upcoming motions for substitutions.*

*Brian Dailey*
*312 927 2611*

**DAILEY TRIAL LAWYERS EST. 1927 BURLINGTON IOWA**
**NOW IN OUR 96TH CONSECUTIVE YEAR WINNING FOR OUR CLIENTS**

***DAILEY TRIAL LAWYERS, PC IS A LAW FIRM CONSECRATED TO OUR HOLY MOTHER, OUR LADY OF REVELATION, TRE FONTANE, ABBAZZIA TRE FONTANE, METROPOLITAN CITY OF ROME CAPITAL, ITALY***

**Brian Thomas Dailey, Senior Trial Counsel**
**Dailey Trial Lawyers, PC**
**T: (800) 792-5305**
**F: (313) 640-9999**
**E: contact@daileytriallawyers.com**

Read about Our Lady of Revelation

Read about the Miraculous Medal

Pray the Whole Rosary Every Day

# EXHIBIT C

Hughey Substitution Motion; proposed order and notice of hearing

TINA HUGHEY,

                                                    Case No. 23-001248-NO

                 PLAINTIFF,                         HON.: KENNETH HOOPS

vs.

GPM SOUTHEAST, LLC
d/b/a MARATHON ADMIRAL
GAS STATION.

_____

| | |
|---|---|
| DAILEY LAW FIRM, PC | COLLINS EINHORN FARRELL, PC |
| C/of Mark A Shapiro Trustee  (P43134) | By: Deborah A. LuJan (P46990) |
| for Dailey Law Firm, PC | Attorney for Defendant |
| 25925 Telegraph Road, # 203 | 4000 Town Center – 9th Floor |
| Southfield, MI 48033 | Southfield, MI 48075 |
| T: (248) 352-4700 | T: (248) 355-4141 |
| shapiro@steinbergshapiro.com | deborahlujan@ceflawyers.com |

DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com

_____/

## PLAINTIFF'S MOTION FOR SUBSTITUTION AND TO EXTINGUISH LIEN AND TO EXTINGUISH LIEN AND TO DIRECT PAYMENT OF FUNDS

NOW COMES, Plaintiff, **TINA HUGHEY,** by and through her Attorneys, **DAILEY TRIAL LAWYERS, PC,** and for her motion for substitution and to extinguish lien of former Counsel Dailey Law Firm, PC states:

1. This case arises from a fall at a gas station in Whitehall Michigan on August 2, 2021 causing permanent injuries to both of Plaintiff's wrists and hands resulting in permanent disability.

2. These injuries required bilateral surgery and have resulted in her having only been able to return to work with light duty responsibility.

3. Plaintiff filed this instant action through her former Attorneys Dailey Law Firm, PC.

4. On September 14, 2023 the Honorable Maria Oxholm of the United States Bankruptcy Court for the Eastern District of Michigan entered an order placing Dailey Law Firm, PC in involuntary Chapter 7 liquidation and then appointed Attorney Mark Shapiro as Trustee of the Dailey Law Firm, PC.

5. On September 14, 2023 Attorney Brian Dailey resigned his employment with the Dailey Law Firm, PC and accepted employment with Dailey Trial Lawyers, PC

6. As required by the Michigan Rules of Professional Conduct Counsel undersigned notified Plaintiff of his change in employment as well as the status of the Dailey Law Firm, PC and that it had ceased operations as of September 14, 2023.

7. Plaintiff was further informed that she had an election that included the following choices in relation to securing Counsel for the continuation of her case: remain a client of the Dailey Law Firm, PC, Retain the services of Brian Dailey in his new law firm, Dailey Trial Lawyers, PC or secure completely new Counsel.

8. Plaintiff chose to retain the services of Attorney Brian Dailey in his new firm Dailey Trial Lawyers, PC and she executed the appropriate transition documents, i.e. written election for representation and contingent fee agreement.

9. By his Counsel, Tracey M. Clark, who is also his partner in Steinberg Shapiro & Clark, Mr. Shapiro took control of the assets including the client files and the Dailey Law Firm, PC client file server and has refused to allow access to same to allow the continuation of this and other cases.

10. Additionally, Sharpiro, through his Counsel Clark took possession of all computers and financial information and has failed and refused to account for same.

11. Counsel undersigned has entered his appearance on behalf of Tina Hughey.

12. Counsel undersigned has been representing Plaintiff in his new firm since she executed the contingent fee agreement with Dailey Trial Lawyers, PC

13. At no time did Shapiro make any effort to continue the representation or to contact Plaintiff to notify her of the change in status of the Dailey Law Firm, PC.

14. That in failing to notify Plaintiff of the change in status of the Dailey Law Firm, PC and by otherwise violating the requirements MRPC 1.1 Competence, MRPC 1.4 Communication with Client and MRPC 1.15 Safekeeping of property, Shapiro, in his capacity as Trustee for Dailey Law Firm, PC, has endangered Plaintiff's case and Dailey Law Firm, PC is not therefore entitled to receipt of any share of legal fees that may be realized in relation to this case. Reynolds vs Polin, 222 Mich App 20 (1997).

15. In relation to other cases as to which Dailey Trial Lawyers, PC is providing representation, Sharpiro has improperly and secretly intercepted settlement checks and failing to notify Counsel of same.

16. In addition, Shapiro has by his Counsel made improper and unauthorized contact with clients of Dailey Trial Lawyers, PC in violation of MRPC 4.2 with full knowledge that the persons contacted were represented by Counsel undersigned.

17. Counsel will provide for the Court the executed election for representation and the contingent fee agreement with Dailey Trial Lawyers, PC for in camera inspection if necessary and appropriate and if ordered by this Honorable Court

WHEREFORE, Plaintiff prays this Honorable Court find in her favor and against the Dailey Law Firm, PC and enter an order providing for the following relief:

1. Allow Dailey Trial Lawyers, PC to be substituted in the place and stead of Dailey Law Firm, PC Nunc Pro Tunc to September 14, 2023

2. Extinguishing any lien in favor of Dailey Law Firm, PC in relation to any attorney fee against the proceeds of any settlement that may arise.

3. Directing that any settlement funds will be made payable as follows: Tina Hughey and Dailey Trial Lawyers, PC and directing same to the custody of Attorney Brian Dailey at the current address of Dailey Trial Lawyers, PC or by allowing Dailey Trial Lawyers, PC to retrieve said funds in person from Counsel for the Defendant.

Respectfully Submitted

/s/Brian Thomas Dailey (P39945)
DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUBSTITUTION AND TO**

**EXTINGUISH LIEN AND TO DIRECT PAYMENT OF FUNDS**

Plaintiff relies upon the law of the State of Michigan supporting her motion for substitution. As to the issues related to the extinguishment of any lien in favor or former Counsel Dailey Law Firm, PC Plaintiff will supplement if necessary.

Respectfully Submitted

/s/Brian Thomas Dailey (P39945)
DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com

January 11, 2024

**PROOF OF SERVICE**

Counsel undersigned certifies that he has served this document as well as the notice of hearing and proposed order upon all parties through their respective Counsel by email and/or regular first-class mail at the email/mailing address identified in the Michigan State Bar Directory on January 11, 2024.

/s/Brian Thomas Dailey (P39945)

STATE OF MICHIGAN

IN THE 14TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

TINA HUGHEY,

                                       Case No. 23-001248-NO

        PLAINTIFF,                     HON.: KENNETH S. HOOPES

vs.

GPM SOUTHEAST, LLC
d/b/a MARATHON ADMIRAL
GAS STATION.

_____

DAILEY LAW FIRM, PC                      COLLINS EINHORN FARRELL, PC
C/of Mark A Shapiro Trustee  (P43134)    By: Deborah A. LuJan (P46990)
for Dailey Law Firm, PC                  Attorney for Defendant
25925 Telegraph Road, # 203         4000 Town Center – 9th Floor
Southfield, MI 48033                 Southfield, MI 48075
T: (248) 352-4700                     T: (248) 355-4141
shapiro@steinbergshapiro.com        deborahlujan@ceflawyers.com

DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com
_____/

## **ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTION**

## **TO RESOLVE LIENS AND TO DIRECT PAYMENT OF FUNDS**

At a session of said Court held in the

City of Muskegon, County of Muskegon and State of Michigan

On:_____

Present: HON: _____

Kenneth S. Hoopes

This Court having read the submissions of the parties and heard the parties on the record it is hereby ordered:

1. Plaintiff's Motion for substitution of Counsel is granted Nunc Pro Tunc to the date of September 14, 2023;

2. Mark A. Shapiro Trustee in Re: Chapter 7 Bankruptcy of Dailey Law Firm, PC shall produce within 7 days of the date of the entry of this order to Counsel for the Plaintiff a complete copy of the file, i.e. both digital and hard file in relation to Tina Hughey;

3. If Dailey Law Firm, PC claims entitlement to any expense or fee in relation to Tina Hughey it shall produce proof of said expenses and fee to Counsel for the Plaintiff within 7 days from the date of the entry of this order or any and all liens in favor of Dailey Law Firm, PC are waived.;

4. This Court retains jurisdiction as to all liens submitted in relation to this case.

5. In the event of a payment by Defendants to Plaintiff same shall be made as follows: Tina Hughey and Dailey Trial Lawyers, PC and same shall be placed in the possession of Dailey Trial Lawyers.

HON: _____

Kenneth S. Hoopes

STATE OF MICHIGAN

IN THE 14TH JUDICIAL CIRCUIT COURT FOR THE COUNTY OF MUSKEGON

TINA HUGHEY,

                                      Case No. 23-001248-NO

           PLAINTIFF,                   HON.: KENNETH S. HOOPES

vs.

GPM SOUTHEAST, LLC
d/b/a MARATHON ADMIRAL
GAS STATION.

---

| | |
|---|---|
| DAILEY LAW FIRM, PC | COLLINS EINHORN FARRELL, PC |
| C/of Mark A Shapiro Trustee  (P43134) | By: Deborah A. LuJan (P46990) |
| for Dailey Law Firm, PC | Attorney for Defendant |
| 25925 Telegraph Road, # 203 | 4000 Town Center – 9th Floor |
| Southfield, MI 48033 | Southfield, MI 48075 |
| T: (248) 352-4700 | T: (248) 355-4141 |
| shapiro@steinbergshapiro.com | deborahlujan@ceflawyers.com |

DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com

                                                    /

---

## <u>NOTICE OF HEARING</u>

## <u>ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTION</u>
## <u>TO EXTINGUISH LIEN AND TO DIRECT PAYMENT OF FUNDS</u>

      Take note that Plaintiff's Motion for Substitution shall be heard by the Honorable

Kenneth S. Hoopes via zoom (Zoom ID 737-093-1712) on Tuesday January 23, 2023 at

10:00AM. All are invited to attend.

Respectfully Submitted

/s/Brian Thomas Dailey (P39945)
DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com

January 11, 2024

## PROOF OF SERVICE

Counsel undersigned certifies that he has served this document upon all parties through their respective Counsel by email and/or regular first-class mail at the mailing/email address identified in the Michigan State Bar Directory on January 11, 2024.

/s/Brian Thomas Dailey (P39945)

# EXHIBIT D

January 19, 2024,
Emails with Dailey

**From:** brian@daileytriallawyers.com <brian@daileytriallawyers.com>
**Sent:** Friday, January 19, 2024 12:57 PM
**To:** Tracy Clark <clark@steinbergshapiro.com>
**Cc:** 'Deborah Lujan' <Deborah.Lujan@ceflawyers.com>; hnresnick@resnicklaw.com; 'Charmaine Hoort' <charmaine@daileytriallawyers.com>
**Subject:** RE: Proposed Order for Substitution

*Ms. Clark*

*We are moving ahead with our motion. Mr. Resnick will be handling any and all negotiations on the substitutions. Please confer with Mr. Resnick.*

*Have a pleasant weekend.*

*Brian Dailey*


**<span style="color:red">DAILEY TRIAL LAWYERS EST. 1927 BURLINGTON IOWA
NOW IN OUR 96TH CONSECUTIVE YEAR WINNING FOR OUR CLIENTS</span>**

***<span style="color:red">DAILEY TRIAL LAWYERS, PC IS A LAW FIRM CONSECRATED TO OUR HOLY MOTHER, OUR LADY OF REVELATION, TRE FONTANE, ABBAZZIA TRE FONTANE, METROPOLITAN CITY OF ROME CAPITAL, ITALY</span>***

**Brian Thomas Dailey, Senior Trial Counsel**
**Dailey Trial Lawyers, PC**
**T: (800) 792-5305**
**F: (313) 640-9999**
**E: contact@daileytriallawyers.com**



Read about Our Lady of Revelation

Read about the Miraculous Medal

Pray the Whole Rosary Every Day


**From:** Tracy Clark <clark@steinbergshapiro.com>
**Sent:** Friday, January 19, 2024 12:11 PM

**To:** brian@daileytriallawyers.com
**Cc:** 'Deborah Lujan' <Deborah.Lujan@ceflawyers.com>; hnresnick@resnicklaw.com
**Subject:** RE: Proposed Order for Substitution

The Trustee will only agree to a substitution. Please send a simple order for substitution, with your engagement agreement.

Tracy M. Clark, Esq.
STEINBERG SHAPIRO & CLARK 25925 Telegraph Road | Suite 203 | Southfield, Michigan 48033 | Ph: (248) 352-4700| clark@ssc-law.com

**From:** brian@daileytriallawyers.com <brian@daileytriallawyers.com>
**Sent:** Friday, January 19, 2024 12:09 PM
**To:** Tracy Clark <clark@steinbergshapiro.com>
**Cc:** 'Deborah Lujan' <Deborah.Lujan@ceflawyers.com>; hnresnick@resnicklaw.com; 'Charmaine Hoort' <charmaine@daileytriallawyers.com>
**Subject:** Proposed Order for Substitution

*Ms. Clark*

*Please review and advise if you are willing to allow me to sign your name to the attached proposed order. This is the form of order I will seek in all cases in which we need an order for substitution.*

*I look forward to your response. I am hopeful we can resolve this matter and avoid the hearing scheduled for Tuesday.*

*Have a pleasant weekend…(this is extended also to my colleague and opponent, Deborah Lujan as well as Mr. Resnick).*

<div style="color:red; text-align:center; font-weight:bold">

DAILEY TRIAL LAWYERS EST. 1927 BURLINGTON IOWA
NOW IN OUR 96TH CONSECUTIVE YEAR WINNING FOR OUR CLIENTS

*DAILEY TRIAL LAWYERS, PC IS A LAW FIRM CONSECRATED TO OUR HOLY MOTHER, OUR LADY OF REVELATION, TRE FONTANE, ABBAZZIA TRE FONTANE, METROPOLITAN CITY OF ROME CAPITAL, ITALY*

</div>

**Brian Thomas Dailey, Senior Trial Counsel**
**Dailey Trial Lawyers, PC**
**T: (800) 792-5305**
**F: (313) 640-9999**
**E: contact@daileytriallawyers.com**



[Read about Our Lady of Revelation](#)

[Read about the Miraculous Medal](#)

[Pray the Whole Rosary Every Day](#)

3

# EXHIBIT E

Murphy Substitution Motion; proposed order and notice of hearing

ROXANA IRENE MURPHY,                          Case No.:23-011697-NI

       Plaintiffs,                          The Honorable Qiana D. Lillard

-v-

ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,
and RETA AMAR SHAMMOON,

       Defendants.

---

DAILEY LAW FIRM, PC
C/of Mark A Shapiro Trustee  (P43134)
for Dailey Law Firm, PC
25925 Telegraph Road, # 203
Southfield, MI 48033
T: (248) 352-4700
shapiro@steinbergshapiro.com

Savannah Coomer (P85600)
Attorney for Defendant - Progressive
27555 Executive Drive, Suite 300
Farmington Hills, MI 48331-3570
(248) 482-9962
(866) 537-7795
E:  Savannah.Coomer@allstate.com

DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com

---

## **PLAINTIFF'S MOTION FOR SUBSTITUTION AND TO EXTINGUISH LIEN AND TO EXTINGUISH LIEN AND TO DIRECT PAYMENT OF FUNDS**

       NOW COMES, Plaintiff, **ROXANNA MURPHY,** by and through her Attorneys,

**DAILEY TRIAL LAWYERS, PC,** and for her motion for substitution and to extinguish lien of

former Counsel Dailey Law Firm, PC states:

Document received by the MI Wayne 3rd Circuit Court.

1. On or about September 27, 2022, Plaintiff was driving a motor vehicle owned by her son, Paris Xavier-William Flores and was stopped at a traffic light facing westbound 8 Mile at Dequindre when the defendant, RETA AMAR SHAMMOON slammed her motor vehicle into the rear of the plaintiff's vehicle thereby causing the plaintiff personal injuries and damages.

2. These injuries required medical treatment and have resulted in her having only been able to return to work with light duty responsibilities.

3. Plaintiff filed this instant action through her former Attorneys Dailey Law Firm, PC.

4. On September 14, 2023 the Honorable Maria Oxholm of the United States Bankruptcy Court for the Eastern District of Michigan entered an order placing Dailey Law Firm, PC in involuntary Chapter 7 liquidation and then appointed Attorney Mark Shapiro as Trustee of the Dailey Law Firm, PC.

5. On September 14, 2023 Attorney Brian Dailey resigned his employment with the Dailey Law Firm, PC and accepted employment with Dailey Trial Lawyers, PC

6. As required by the Michigan Rules of Professional Conduct Counsel undersigned notified Plaintiff of his change in employment as well as the status of the Dailey Law Firm, PC and that it had ceased operations as of September 14, 2023.

7. Plaintiff was further informed that she had an election that included the following choices in relation to securing Counsel for the continuation of her case: remain a client of the Dailey Law Firm, PC, Retain the services of Brian Dailey in his new law firm, Dailey Trial Lawyers, PC or secure completely new Counsel.

Document received by the MI Wayne 3rd Circuit Court.

8. Plaintiff chose to retain the services of Attorney Brian Dailey in his new firm Dailey Trial Lawyers, PC and she executed the appropriate transition documents, i.e. written election for representation and contingent fee agreement.

9. By his Counsel, Tracey M. Clark, who is also his partner in Steinberg Shapiro & Clark, Mr. Shapiro took control of the assets including the client files and the Dailey Law Firm, PC client file server and has refused to allow access to same to allow the continuation of this and other cases.

10. Additionally, Sharpiro, through his Counsel Clark took possession of all computers and financial information and has failed and refused to account for same.

11. Counsel undersigned has entered his appearance on behalf of Roxanna Murphy.

12. Counsel undersigned has been representing Plaintiff in his new firm since she executed the contingent fee agreement with Dailey Trial Lawyers, PC

13. At no time did Shapiro make any effort to continue the representation or to contact Plaintiff to notify her of the change in status of the Dailey Law Firm, PC.

14. That in failing to notify Plaintiff of the change in status of the Dailey Law Firm, PC and by otherwise violating the requirements MRPC 1.1 Competence, MRPC 1.4 Communication with Client and MRPC 1.15 Safekeeping of property, Shapiro, in his capacity as Trustee for Dailey Law Firm, PC, has endangered Plaintiff's case and Dailey Law Firm, PC is not therefore entitled to receipt of any share of legal fees that may be realized in relation to this case. Reynolds vs Polin, 222 Mich App 20 (1997).

15. In relation to other cases as to which Dailey Trial Lawyers, PC is providing representation, Sharpiro has improperly and secretly intercepted settlement checks and failing to notify Counsel of same.

Document received by the MI Wayne 3rd Circuit Court.

16. In addition, Shapiro has by his Counsel made improper and unauthorized contact with clients of Dailey Trial Lawyers, PC in violation of MRPC 4.2 with full knowledge that the persons contacted were represented by Counsel undersigned.

17. Counsel will provide for the Court the executed election for representation and the contingent fee agreement with Dailey Trial Lawyers, PC for in camera inspection if necessary and appropriate and if ordered by this Honorable Court

WHEREFORE, Plaintiff prays this Honorable Court find in her favor and against the Dailey Law Firm, PC and enter an order providing for the following relief:

1. Allow Dailey Trial Lawyers, PC to be substituted in the place and stead of Dailey Law Firm, PC Nunc Pro Tunc to September 14, 2023

2. Extinguishing any lien in favor of Dailey Law Firm, PC in relation to any attorney fee against the proceeds of any settlement that may arise.

3. Directing that any settlement funds will be made payable as follows: Tina Hughey and Dailey Trial Lawyers, PC and directing same to the custody of Attorney Brian Dailey at the current address of Dailey Trial Lawyers, PC or by allowing Dailey Trial Lawyers, PC to retrieve said funds in person from Counsel for the Defendant.

Respectfully Submitted

/s/Brian Thomas Dailey (P39945)
DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com

Document received by the MI Wayne 3rd Circuit Court.

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUBSTITUTION AND TO**

**EXTINGUISH LIEN AND TO DIRECT PAYMENT OF FUNDS**

Plaintiff relies upon the law of the State of Michigan supporting her motion for substitution. As to the issues related to the extinguishment of any lien in favor or former Counsel Dailey Law Firm, PC Plaintiff will supplement if necessary.

Respectfully Submitted

/s/Brian Thomas Dailey (P39945)
DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com

January 18, 2024

**PROOF OF SERVICE**

Counsel undersigned certifies that he has served this document as well as the notice of hearing and proposed order upon all parties through their respective Counsel by email and/or regular first-class mail at the email/mailing address identified in the Michigan State Bar Directory on January 18, 2024.

/s/Brian Thomas Dailey (P39945)

Document received by the MI Wayne 3rd Circuit Court.

REJECTED

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ROXANA IRENE MURPHY,                    Case No.:23-011697-NI

       Plaintiffs,                    The Honorable Qiana D. Lillard

-v-

ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,
and RETA AMAR SHAMMOON,

       Defendants.

_____

DAILEY LAW FIRM, PC                    Savannah Coomer (P85600)
C/of Mark A Shapiro Trustee (P43134)   Attorney for Defendant - Progressive
for Dailey Law Firm, PC                27555 Executive Drive, Suite 300
25925 Telegraph Road, # 203            Farmington Hills, MI 48331-3570
Southfield, MI 48033                   (248) 482-9962
T: (248) 352-4700                      (866) 537-7795
shapiro@steinbergshapiro.com           E:  Savannah.Coomer@allstate.com

DAILEY TRIAL LAWYERS, PC
By: Brian Thomas Dailey (P39945)
77 Oxford Road
Grosse Pointe Shores, MI 48236
T: (313) 640-1111
F: (313) 640-9999
brian@daileytriallawyers.com

_____

**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTION</u>**

**<u>TO EXTINGUISH LIEN AND TO DIRECT PAYMENT OF FUNDS</u>**

At a session of said Court held in the

City of Detroit, County of Wayne and State of Michigan

On:_____

Present: HON: _____

Qiana Lillard

This Court having read the submissions of the parties and heard the parties on the record it is hereby ordered:

1. Plaintiff's Motion for substitution of Counsel is granted Nunc Pro Tunc to the date of September 14, 2023;

2. Mark A. Shapiro Trustee in Re: Chapter 7 Bankruptcy of Dailey Law Firm, PC shall produce within 7 days of the date of the entry of this order to Counsel for the Plaintiff a complete copy of the file, i.e. both digital and hard file in relation to Roxanna Murphy;

3. Plaintiff's motion to extinguish any lien for attorney fees claimed by former Counsel Dailey Law Firm, PC is granted; and

4. If Dailey Law Firm, PC claims entitlement to any expense in relation to Roxanna Murphy it shall produce proof of said expenses to Counsel for the Plaintiff within 7 days from the date of the entry of this order;

5. In the event of a payment by Defendants to Plaintiff same shall be made as follows: Roxanna Murphy and Dailey Trial Lawyers, PC and same shall be placed in the possession of Dailey Trial Lawyers.

HON: _____

Quiana Lillard

Brenda Howard    1/18/2024 12:57 PM    WAYNE COUNTY CLERK    Cathy M. Garrett    FILED IN MY OFFICE    23-011697-NI

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | NOTICE OF HEARING | Case Number: 23-011697-NI |
|---|---|---|

TWO WOODWARD AVE., DETROIT, MI 48226

| Plaintiff's name, address, and telephone no.<br><br>ROXANNA MURPHY | V | Defendant's name, address, and telephone no.<br><br>ESURANCE PROPERTY AND CASUALTY COMPANY AND RETA AMAR SHAMMOON |
|---|---|---|

☐ **A hearing will be held on this motion BEFORE THE ASSIGNED <u>JUDGE</u> as follows:**

Date: FEBRUARY 2, 2024

Time: 9:00 AM

before Judge: JUDGE QIANA LILLARD

Location: WAYNE COUNTY CIRCUIT COURT 1401    in the Coleman A. Young Municipal Center,
(Formerly City-County Building)
Two Woodward Avenue, Detroit, Michigan 48226

☐ **A hearing will be held on this motion BEFORE THE ASSIGNED <u>REFEREE</u> as follows:**

Date: _____

Time: _____

before Referee: _____

Location: _____    in the Penobscot Building,
645 Griswold
Detroit, Michigan 48226

☐ **A hearing will be held on this motion after screening and/or investigation. The** Friend of the Court will schedule the hearing. The Friend of the Court will send scheduling notices to both parties before the hearing.

JANUARY 18, 2024
_____
Date

_____
Signature

**FD/FOC4019** (03/03) **NOTICE OF HEARING (GENERIC)**

# EXHIBIT F

January 19, 2024,
Emails with Resnick

**From:** Nathan Resnick <hnresnick@resnicklaw.com>
**Sent:** Friday, January 19, 2024 2:49 PM
**To:** Tracy Clark <clark@steinbergshapiro.com>
**Cc:** Mark Shapiro <shapiro@steinbergshapiro.com>
**Subject:** Re: Roxana Murphy v Esurance, WCCC 23-011697

Tracy-

Although I have nothing to do with these cases or the motions, I will contact Mr. Dailey per our conversation this morning and your request.


Sent from my iPhone


On Jan 19, 2024, at 2:34 PM, Tracy Clark <clark@steinbergshapiro.com> wrote:


Nate,

Dailey continues to violate the stay by filing these motions to extinguish the Debtor's interest in fees. As I told you earlier today, we don't have an issue with him substituting into these cases if he has been hired by the client. But he cannot continue to try to exercise control over property of the estate. Will you please tell him to STOP with these motions?



Tracy M. Clark, Esq.
STEINBERG SHAPIRO & CLARK 25925 Telegraph Road | Suite 203 | Southfield, Michigan 48033 |
Ph: (248) 352-4700| clark@ssc-law.com


**From:** Tracy Clark
**Sent:** Friday, January 19, 2024 2:28 PM
**To:** Nathan Resnick <hnresnick@resnicklaw.com>
**Cc:** Mark Shapiro <shapiro@steinbergshapiro.com>
**Subject:** FW: Roxana Murphy v Esurance, WCCC 23-011697

Nate,

This is the second motion I received today from defendant's counsel. Dailey is NOT serving these on us.


Tracy M. Clark, Esq.
STEINBERG SHAPIRO & CLARK 25925 Telegraph Road | Suite 203 | Southfield, Michigan 48033 |
Ph: (248) 352-4700| clark@ssc-law.com